## 39770. LONG v. CITY OF MIDWAY et al.

CLARKE, Justice.

The issue on certiorari is whether the trial court abused its discretion in failing to dismiss an appeal when the record was not transmitted to the appellate court for two years following the filing of the notice of appeal. The trial court found the delay to be the fault of the clerk of the superior court and refused to grant appellees' motion to dismiss. The Court of Appeals reversed, finding that under OCGA § 5-6-42 (Code Ann. § 6-806) the responsibility for the delay in forwarding the record lay with the appellant. *Long v. City of Midway,* 165 Ga. App. 602 (302 SE2d 372) (1983). We disagree and reverse.

OCGA § 5-6-48(c) (Code Ann. § 6-809) provides that the trial court may, after notice and hearing, dismiss an appeal where there has been an unreasonable delay in filing the transcript and the delay was inexcusable and caused by the party responsible for filing the transcript. Further, the trial court may order the appeal dismissed where there has been an unreasonable delay in transmission of the record to the appellate court and the delay was inexcusable and caused by the failure of a party to pay costs.

A reading of OCGA § 5-6-43 (Code Ann. § 6-808) reveals that it is the responsibility of the clerk of court to prepare the record and transmit it to the appellate court. The statute provides that this be done within five days of receipt of the transcript by the clerk or, if no transcript is to be prepared, within twenty days of the filing of the notice of appeal. The statute further provides that "If for any reason the clerk is unable to transmit the record and transcript within the time required in this subsection or when an extension of time was obtained under Code Section 5-6-39 (Code Ann. § 6-804), he shall state in his certificate the cause of the delay and the appeal shall not be dismissed." The preparation of the transcript of evidence and proceedings, as opposed to the record, is the responsibility of the appellant or, if he desires inclusion of material omitted by appellant, the appellee. OCGA §§ 5-6-41, 5-6-42 (Code Ann. §§ 6-805, 6-806).

We construe these code sections together and arrive at the conclusion that the obligation of the appellant relates to the transcript, and the obligation for the preparation of the record rests with the clerk. After the appellant has filed a notice of appeal, his duty as to the record is limited to the payment of costs. In this case the clerk failed to transmit the record, but there is no indication that this failure was occasioned by the failure of a party to pay costs. Under these circumstances, the trial court has no discretion to dismiss the appeal.

*Judgment reversed. All the Justices concur.*

*A. G. Wells, Jr.,* for appellant.
*James B. Franklin, J. Sidney Flowers,* for appellees.