## 77001. THE STATE v. JACKSON.
(372 SE2d 823)

BANKE, Presiding Judge.

The appellee, a bail bondsman, was charged by accusation with (1) suggesting to an arrestee the employment of a particular attorney, in violation of OCGA § 17-6-51; (2) soliciting business at the jail, in violation of OCGA § 17-6-52; and (3) giving advice to an arrestee with respect to the defense or disposition of her case, in violation of OCGA § 17-6-53. The appellee moved to dismiss the accusation on grounds of selective and vindictive prosecution. Following an evidentiary hearing, the trial court granted the motion with respect to Count 2 of the accusation, i.e., the count charging the appellee with solicitation of business at the jail, but denied the motion with respect to the other two counts. The state appeals.

From the evidence introduced at the hearing on the motion to dismiss, it is apparent that the solicitation charge stemmed from the appellee's participation in a system in effect at the jail whereby the jail officials gave professional bondsmen access to the charges against newly admitted arrestees and then allowed them to interview such arrestees in order to expedite their release on bond. This system, which was referred to colloquially as the "burnout" system, had been implemented in response to a federal court order placing restrictions on the size of the inmate population at the jail.

The solicitor's office filed the charges against the appellee in response to a complaint made by a DUI arrestee whom the appellee had "bonded out" through use of the "burnout" system. The arrestee in question had not specifically complained to the solicitor's office about the appellee's conduct in offering her his services but had complained about the appellee's alleged conduct in advising her to use a particular attorney and to attend a certain DUI school. The assistant solicitor handling the matter testified that he had included the solicitation charge in the accusation without knowledge of the existence of the "burnout" system. *Held*:

1. Some seven months after the state filed its notice of appeal (but prior to the transmittal of the case to this court), the appellee filed a motion in the trial court to dismiss the appeal on the grounds that the transcript had not been timely filed, and no extension of time for such filing had been sought by the state pursuant to OCGA § 5-6-39. No ruling was ever entered on that motion, although it remained pending in the trial court for approximately ten months before the appeal was ultimately docketed in this court. The appellee has now moved this court to dismiss the appeal on the ground that "the state has taken no action for seventeen months after filing the appeal and has filed no formal nor informal objection to appellee's motion to dismiss the appeal during the ten months that appellee's

motion was pending."

The authority of an appellate court or trial court to dismiss an appeal because of a delay in filing the transcript or in transmitting the record to the appellate court is governed by OCGA § 5-6-48 (c), which provides, in pertinent part, as follows: *"No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court*; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence. . . ." (Emphasis supplied.) Accord OCGA § 5-6-48 (f). See *Young v. Climatrol Southeast &c. Corp.*, 237 Ga. 53 (226 SE2d 737) (1976); *Llano v. DeKalb County*, 174 Ga. App. 693 (1) (331 SE2d 36) (1985).

The appellee in this case has never alleged, either in this court or in the trial court, that the delay in filing the transcript and/or transmitting the record was unreasonable or inexcusable. Indeed, he has never alleged that the delay was caused by any action or inaction on the part of the state. Consequently, he has asserted no valid ground for dismissal of the appeal. In any event, the appellee's failure to obtain a ruling on its motion to dismiss while the matter was still within the jurisdiction of the trial court precludes appellate review of the issue. "Pursuant to now applicable [Court of Appeals] Rule 47, the trial court [is] relieved of its jurisdiction to consider objections to records or transcripts when there [is] no ruling upon such objection prior to transmittal of the record." *Turner v. Taylor*, 179 Ga. App. 574 (1) (a), 575 (346 SE2d 920) (1986).

2. "Some selective enforcement is not in itself a constitutional violation. See *Oyer v. Boles* [368 U. S. 448, 456 (82 SC 501, 7 LE2d 446) (1962)]. To be a constitutional violation, the selective enforcement must represent an intentional and purposeful discrimination based upon some unjustifiable standard such as race, religion, or other arbitrary classification. *Snowden v. Hughes*, 321 U. S. 1, 8 (64 SC 397, 88 LE 497) (1943); *Oyler v. Boles*, supra, p. 456." *Sabel v. State*, 250 Ga. 640, 643 (300 SE2d 663) (1983). Accord *Lee v. State*, 177 Ga. App. 698, 700 (340 SE2d 658) (1986). "The burden [is] on [the defendant] to prove a selective prosecution by showing (1) that others *generally* are not prosecuted for the same misconduct, and (2) the decision to prosecute [him] was based upon impermissible

grounds such as race, religion or exercise of constitutional rights." *Gayton v. State*, 184 Ga. App. 387, 388 (361 SE2d 691) (1987). Accord *Carver v. State*, 185 Ga. App. 436 (3) (364 SE2d 877) (1987).

Although the appellee established without dispute that no other bondsmen had been prosecuted in connection with the use of the "burnout" system, no evidence was introduced tending to show that the decision to prosecute him was based upon invidious discrimination or upon a desire to punish him for the exercise of his legal rights. Thus, while the appellee may have established an uncontroverted defense to the solicitation charge by showing that it was the official policy of the jail to allow bondsmen to solicit business from newly admitted inmates (see generally OCGA § 16-3-25; *McDonald v. State*, 156 Ga. App. 143 (4) (273 SE2d 881) (1980)), no basis was shown for dismissal of the charge on grounds of selective prosecution.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*James L. Webb, Solicitor, E. Duane Cooper, Assistant Solicitor,* for appellant.
*Franklin N. Biggins,* for appellee.