A91A1597. AGAN v. THE STATE.
(417 SE2d 156)

COOPER, Judge.
This is the second appearance of this case in this court. Ramsey Agan, the Honorary Turkish Consul in Atlanta, and a co-defendant, Dr. Rauf Sarper, were indicted for bribery in 1987 and in 1988, after a trial by jury, were convicted. Our first opinion, *Agan v. State,* 191 Ga. App. 92 (380 SE2d 757) (1989), contains a complete discussion of the facts leading to the indictments. Agan and Sarper transferred in excess of $7,000 denominated as campaign contributions to two DeKalb County Commissioners, in an attempt to gain their favorable votes on a zoning variance for property owned by Agan. Prior to trial, Agan and Sarper filed a joint motion to dismiss for selective prosecution and requested a full evidentiary hearing on that issue. The trial court held a pre-trial hearing on the motion at which a proffer of evidence was made by the defendants, yet the trial court concluded that the proffer was not sufficient to warrant an evidentiary hearing and denied the motion to dismiss. Defendants appealed their convictions, and this court reversed both convictions in *Agan, supra.* Sarper's conviction was reversed on the general grounds, and Agan's conviction was reversed on the jury charge and certain evidentiary issues. This court also determined that, based on the proffer of evidence by the defendants, the trial court erred in denying an evidentiary hearing on the issue of selective prosecution. The Georgia Supreme Court, in *State v. Agan,* 259 Ga. 541 (384 SE2d 863) (1989), declined to review the decision reversing Sarper's conviction, yet reversed this court with respect to Agan on the jury charge and rejected certain constitutional arguments raised by Agan. Nevertheless, the Supreme Court affirmed this court's decision on the issue of selective prosecution and re-

manded the case to the trial court with direction that an evidentiary hearing be accorded to Agan on his proffer. Pursuant to that direction, the trial court held a full evidentiary hearing on Agan's claim of selective prosecution and after hearing the evidence, issued an order in which Agan's motion to dismiss was denied because the court determined that Agan had not carried his burden to prove selective prosecution. It is from this order that Agan now appeals, raising six enumerations of error.

1. Appellant first enumerates that the trial court erred in ruling that he failed to prove the existence of selective prosecution in his case. " 'Some selective enforcement is not in itself a constitutional violation. [Cit.] To be a constitutional violation, the selective enforcement must represent an intentional and purposeful discrimination based upon some unjustifiable standard such as race, religion, or other arbitrary classification. [Cits.]' [Cits.] 'The burden (is) on (the defendant) to prove a selective prosecution by showing (1) that others *generally* are not prosecuted for the same misconduct, and (2) the decision to prosecute (him) was based upon impermissible grounds such as race, religion or exercise of constitutional rights.' [Cits.]" *State v. Jackson*, 188 Ga. App. 259 (2) (372 SE2d 823) (1988). See *Sabel v. State*, 250 Ga. 640 (4) (300 SE2d 663) (1983); *State v. Causey*, 246 Ga. 735 (2) (273 SE2d 6) (1980). As stated in *Georgia Dept. of Natural Resources v. Union Timber Corp.*, 258 Ga. 873 (3) (375 SE2d 856) (1989), "[appellant] had the burden of presenting sufficient evidence of intentional or purposeful discrimination, . . . [cit.], which burden would not have been carried even if it had been shown that other persons or classes of persons may have violated the law without being prosecuted therefor. [Cit.]" In the instant case, the Georgia Supreme Court specified the evidence necessary for appellant to carry his burden, the response required of the State to counter appellant's proof, and the proof that would be sufficient to support an inference of the existence of discrimination by the trier of fact. The Supreme Court stated:

"[T]he fact that only one person is prosecuted for doing what many others do is no warrant, in itself, for relief. Agan has the burden of proving by the weight of the evidence that his prosecution represents an 'intentional or purposeful discrimination which is deliberately based upon an unjustifiable standard, such as race, religion, or other arbitrary classification.' This he must establish, if he can, by proving the averments of the proffer relative to other money transfers, and by showing, through the testimony of the district attorney or otherwise, the extent of any other investigations or prosecutions of donors *who are situated similarly*. If, notwithstanding the disclosure to the district attorney of the proffer materials, it should appear that he has conducted little or no investigation into *apparently similar*

*offenses*, or has initiated no prosecutions of any such offenses, only then would it be incumbent upon the district attorney to demonstrate that the prosecution of Agan is something other than selective prosecution.

"Depending upon the evidence, the trial judge as trier of fact might find that similar offenses have gone uninvestigated or unprosecuted; that the district attorney knew or should have known of such offenses; and that failure to act is without a reasonable and responsible explanation. Based on such a finding, the trier of fact might conclude that the circumstances support an inference of the existence of 'intentional or purposeful discrimination' based upon an 'unjustifiable standard' of an 'arbitrary classification' — that is, an arbitrary classification whereby *only* Agan continues to be prosecuted, and all the rest go free. Such a conclusion would equate to selective prosecution." *State v. Agan*, supra at 548-549. (Footnotes omitted.) (Emphasis supplied.)

At the evidentiary hearing before the trial court, appellant extensively examined four public officials, seven major real estate developers in the Atlanta area, a lawyer who represents many major developers in zoning matters, the two commissioners contacted by appellant and the district attorney, in an attempt to meet his burden of proof. Appellant subpoenaed public and personal records from the witnesses, and he presented evidence gleaned from the records produced. Appellant's proof at the hearing centered primarily on his theory of "chronological coincidence." Appellant contended that the first part of his burden was met by his proof that several other developers who were not prosecuted or even investigated had made campaign contributions to DeKalb County Commissioners at the time they had zoning matters pending before the commission. Appellant further argued and attempted to show that the two commissioners involved in this case were accepting money from these other developers for their favorable zoning votes and, in an attempt to deflect scrutiny from themselves, they reported Agan to focus attention upon him and to satisfy the public desire for investigation into these practices. Appellant completed his theory by attempting to prove that there was a "good old boy" conspiratorial network in DeKalb County consisting of the major real estate developers, attorney Douglas Dillard, a prominent zoning attorney, Manuel Maloof, the chief executive officer of DeKalb County, and Robert Wilson ("Wilson"), the DeKalb County District Attorney. Appellant contended, and endeavored to prove, that this "network" sustained and protected the practice of contributing to commissioners' campaigns to gain favorable zoning votes in return. Appellant alleged that this network, especially Manuel Maloof, was prejudiced against Turkish nationals and that all the discriminatory, prejudicial and conspiratorial motives of the "network" are im-

puted to the district attorney, thereby resulting in a prosecution selectively and discriminatorily focused on Turkish foreigners who were outside the system. The trial court, while acknowledging that appellant did in fact prove that other developers had made campaign contributions while they had zoning matters pending before the county commission, failed to find any evidence of intentional or purposeful discrimination that generated the prosecution of appellant. Based on the evidence received at the hearing, the trial court concluded that the district attorney responded only to the evidence he had in appellant's case and that he had not failed to prosecute any other case with similar information. The trial court, citing the existing case law on selective prosecution, determined that proof of other campaign contributions alone, without proof of intentional discrimination by the district attorney, was not sufficient to void appellant's conviction on the grounds of selective prosecution.

We agree with the trial court. We have read and reviewed the entire transcript before us, including all the testimony and the documents produced. Appellant has not met the burden of proof set forth in *Jackson*, supra, and the other cases cited herein, nor has he presented the proof required to support an inference of discrimination per the Supreme Court's statement in *State v. Agan*, supra. First, appellant has not shown that others in a similar situation were not prosecuted. While appellant did show that other developers made contributions while they had zoning matters pending, he failed to show that the contributions of those developers were accompanied by the following factors attendant to the contributions made by appellant: the contributions were made at a time when the commissioners did not have an active campaign structure; appellant propounded his zoning request at the same meeting that he gave the contributions, in envelopes, directly to the commissioners; at the same meetings, appellant promised future contributions; the checks were made out to the commissioners personally rather than to their campaigns; appellant was very persistent in talking to the commissioners and giving them contributions; a videotape of the contact with the commissioners was made and was available as evidence; the votes of either of the two commissioners involved were necessary for appellant's zoning to be passed; and the two commissioners approached the district attorney with the evidence of the bribe. When all these factors coalesce, appellant's situation becomes of a different category than the situations attempted to be shown at the hearing. We find no evidence that anyone else crossed the line of illegality as did appellant. While the district attorney indicated that other situations may appear improper, appellant failed to show that the district attorney knew or should have known of other situations in which the line of illegality was crossed. Despite appellant's failure to prove similarly situated persons, appel-

lant likewise failed to prove any intentional discriminatory motive of Wilson and the district attorney's office. As the trial court reiterated, the motives of the commissioners or Manuel Maloof, whatever they may be, are irrelevant unless shared by Wilson, thereby affecting his decision to prosecute. The federal cases cited by appellant in an attempt to impute the supposed motives of others to Wilson are inapposite and we find appellant's theory disingenuous. Considering Wilson's testimony and the other testimony presented in detail, there is no proof that Wilson prosecuted appellant for any reason other than good faith law enforcement. Moreover, there is no evidence to support the inference of discrimination as set forth in *State v. Agan*, supra. As just stated, appellant did not present similar situations that when uninvestigated, nor did appellant show that Wilson had access to information such that he knew or should have known of any similar situation. Wilson testified that he was only aware of a public perception that developers make large contributions to commissioners in an attempt to get their zoning requests passed; however he stated that he cannot convene grand juries or prosecute based upon what he reads in the newspaper. The testimony showed that Wilson was not aware of any specific case, nor did he ignore any information that was brought to his attention. In the wake of appellant's case, Wilson investigated and questioned the commissioners about their campaign contributions and discovered no other situations with the factors that coalesced in appellant's case. Wilson stated that he could not prosecute without evidence and with no basis to believe that bribery had occurred. Wilson's testimony establishes a reasonable explanation for his prosecutorial decisions and supports the conclusion of a good faith prosecution of appellant. Appellant's first enumeration has no merit.

2. Appellant next contends that the trial court erred in referring to the reversal of Sarper's conviction as an indication of the amount of proof necessary for the district attorney to proceed with a bribery case. In its order, the trial court commented on the reversal of Sarper's conviction, stating that "[i]t is most anomalous to now believe the district attorney should proceed against other developers when the appellate courts would not even sustain Sarper's conviction. If anything, the reversal of Sarper's conviction suggests even more evidence is necessary before a district attorney can present an indictment in this type of case." While we do not feel that these comments regarding Sarper's conviction were necessarily correct or necessarily relevant to the issue before the trial court, the remainder of the trial court order and the decision reached by the court is otherwise correct, as we held in Division 1. Therefore, these comments do not constitute reversible error since " '(w)e have consistently held that a correct decision of a trial court will not be reversed, regardless of the reasons given therefor.' [Cit.]" *Colquitt v. State*, 196 Ga. App. 817 (1) (397

SE2d 164) (1990).

3. In his remaining enumerations, appellant asserts that the trial court erred in placing time limitations on the subpoenas issued to the witnesses and in excluding evidence that related to certain time periods as irrelevant. The trial court limited the subpoenas issued to the developer witnesses and required them to produce personal documents relating only to the two years prior to appellant's indictment in 1987. Appellant's original subpoenas requested the developers' and the commissioners' personal documents from 1983 to the time of the hearing in 1990. The trial court, although first limiting the commissioners' subpoenas to the two years prior to the indictment, later allowed appellant to request all personal documents of the commissioners from 1982 to the time of the indictment. The public records subpoenaed by appellant were not limited by the trial court. The transcript reveals that the testimony of the developers and the commissioners was not strictly limited with respect to time, so that many questions relating to events after the indictment and prior to 1985 were allowed. The trial court held the view that since any alleged selective prosecution occurred at the time of the indictment, post indictment documentary evidence was irrelevant. However, the testimony of the district attorney was not limited accordingly, and appellant was able to question Wilson on matters relating to any time period. Further, the trial court reiterated during the hearing that it would keep an open mind, and if the relevance of any evidence were shown, he would expand his ruling. The specific evidentiary rulings cited by appellant were based upon the trial court's conclusion that the evidence was not relevant to the specific issue at hand — selective prosecution. " 'Even though our rule favors the admission of relevant evidence, the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.' [Cit.]" *Barnwell v. State*, 197 Ga. App. 116 (5) (397 SE2d 717) (1990). The Georgia Supreme Court recognized the necessity of "reasonable time limits" on the documentary evidence produced, see *State v. Agan*, supra at 548, n. 12, and our review of the record reveals no abuse of the trial court's discretion, no error in its rulings and no barriers to the full presentation of appellant's case. These enumerations are, likewise, without merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 22, 1992 —
RECONSIDERATION DENIED MARCH 13, 1992 —

*George E. Butler II*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assis-*

*tant District Attorney,* for appellee.