## A91A1914. TESTON v. MILLS.
### (416 SE2d 133)

COOPER, Judge.

This appeal arises from the trial court's dismissal of appellant's timely filed notice of appeal.

Appellant brought an action against appellee for amounts allegedly due under a joint venture agreement. The trial court granted summary judgment to appellee, and appellant timely filed a notice of appeal. In his notice of appeal, appellant stated the following: "There is a transcript of evidence to be filed for inclusion in the record on appeal." Approximately three months later, appellee filed a motion to dismiss the notice of appeal on the grounds that appellant had made no effort to cause the clerk to prepare the record and that the notice of appeal was filed solely for the purpose of delay. The Clerk of the Superior Court in the county where the action was pending filed an affidavit in which she stated that no appeal costs had been paid, that no transcript of evidence had been filed in the case and that she had delayed transmitting the appeal to the Court of Appeals because she was awaiting the filing of a transcript of evidence as specified in appellant's notice of appeal. In its order dismissing appellant's appeal, the trial court found that no transcript existed and that the appeal had been delayed three months because of appellant's designation of the transcript as part of the record to be transmitted to the Court of Appeals. The trial court further found that appellant's attorney had made no effort to expedite the appeal since filing the notice of appeal.

" 'OCGA § 5-6-42 provides that a transcript must be filed within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39. OCGA § 5-6-48 provides that the trial court may, after notice and hearing, order an appeal dismissed for a party's failure to timely file a transcript if the delay was 1) unreasonable, 2) inexcusable, and 3) caused by such party.' [Cit.] 'In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion. [Cit.]' [Cit.]" *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991). The trial court found that the appeal was delayed because of appellant's designation of the transcript to be included as part of the record when there was no transcript and that appellant's counsel had made no effort to expedite the appeal since filing the notice of appeal. The record indicates that the delay in transmitting the record was due to the designation in the notice of appeal that the transcript be included as part of the record. We find no abuse of discretion in the trial court's dismissal of the appeal. See also *Kennedy v. Savannah News-Press*, 122 Ga. App. 175 (176 SE2d 540) (1970) and *Abel v. J. H. Harvey Co.*, 126 Ga. App. 115 (190 SE2d 87) (1972); compare *Battallia v. City of Columbus*, 199 Ga. App. 897

(1) (406 SE2d 290) (1991).
*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 20, 1992.

*Grady K. Reddick,* for appellant.
*Hunter & Hunter, Harry H. Hunter,* for appellee.