A93A0107. JOHNSTON et al. v. GEORGIA PUBLIC SERVICE COMMISSION et al.
(433 SE2d 65)

BLACKBURN, Judge.

On June 28, 1991, the trial court granted summary judgment for the Georgia Public Service Commission and other appellees in this action brought by the appellants. The appellants filed a notice of appeal from that grant of summary judgment on the same day. That notice of appeal inadvertently indicated that a transcript would be filed for inclusion in the record on appeal, although no transcript existed because the hearing in the matter had not been reported.

The appellants' present counsel began representing them around November 1991, after their former counsel withdrew from the case. In March 1992, the appellees moved to dismiss the notice of appeal because of the delay in transmitting the record to the appellate court. At that time, the appellants' attorney inquired with the clerk's office of the trial court, and initially was informed that the delay was due to nonpayment of costs. Subsequently, however, the clerk's office discovered that the costs had been paid in August 1991. It is now undisputed that the sole reason for the delay was the clerk's office waiting for filing of the non-existent transcript.

Following the hearing on the motion to dismiss, the trial court

found that the delay in transmitting the record to the appellate court was unreasonable, inexcusable, and caused by the appellants, and for those reasons dismissed the notice of appeal. This appeal promptly resulted.

Under OCGA § 5-6-48 (c), a trial court may dismiss an appeal where there has been an unreasonable delay in the filing of the transcript, and the delay was inexcusable and caused by the appellant. With regard to delays in transmitting an appeal record to the appellate court, however, a trial court may dismiss an appeal where the delay was unreasonable, inexcusable, and caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence.

Inasmuch as no transcript existed because the hearing in the matter was not reported, the instant case actually involves a delay in transmitting the appeal record to the appellate court, rather than a delay in filing the transcript. Under OCGA § 5-6-48 (c), dismissal of the appeal because of the delay in transmitting the record generally would be proper only if that delay was caused by the appellants' failure to pay costs in the trial court. However, in *Teston v. Mills*, 203 Ga. App. 20 (416 SE2d 133) (1992), where transmittal of the record to the appellate court was delayed because (1) the notice of appeal mistakenly designated that a (non-existent) transcript would be included as part of the record, and (2) the appellant made no effort to expedite the appeal, this court upheld the application of the analysis employed where an appeal is dismissed for failure to file a transcript.

In the instant case, the trial court did not abuse its discretion in finding the length of the delay to be unreasonable. Considering the fact that the mistaken designation in the notice of appeal could have been easily discovered if some attention had been paid to the matter, and that the earliest inquiry about the status of the appeal did not occur until several months after the notice of appeal had been filed, the trial court was also authorized to find that the delay was inexcusable and caused by the appellants. The appellants do not contest the validity of those findings, but merely contend that dismissal of their notice of appeal was error because the delay was not caused by their failure to pay costs. Notwithstanding that payment of costs, *Teston* controls the instant case, and the trial court properly dismissed the appellants' notice of appeal.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993 — RECONSIDERATIONS DENIED
JUNE 10, 1993 AND JUNE 28, 1993 — 

*Richard H. Johnston & Associates, Gregory M. Brown*, for appellants.

*Michael J. Bowers, Attorney General, Beverly B. Martin, Senior*

*Assistant Attorney General, Roger M. Siegel, Assistant Attorney General,* for appellees.