A94A1161. OVESTCO CORPORATION et al. v. BOWEN et al.
(453 SE2d 94)

PER CURIAM.

On October 4, 1993, the trial court granted summary judgment to all of the defendants. A notice of appeal was timely filed by plaintiffs on November 1, and they paid the court costs on November 5. A motion to dismiss the appeal under OCGA § 5-6-48 (c) was filed by defendants on February 2, 1994, and it was granted on March 24. Between the filing of the motion and the trial court's action on it, the plaintiffs caused the record to be transmitted to this court by advising the clerk that "there is no transcript of evidence" and instructing that the appeal be transmitted "as soon as possible." The appeal was docketed in this court on February 17. That record did not contain the pending motion and, of course, it did not contain the order which was subsequently entered. Transmitting it was simply a clerical mistake, of which this court was unaware because the pending motion was not included.

In March the defendants/appellees filed a motion in *this* court to dismiss the appeal, and appellants responded. Thereafter two supplemental records were transmitted to this court, on November 2 and 4, 1994. One included the motion to dismiss the appeal and one contained the trial court's order granting that motion. Nevertheless, a panel of this court remanded the case on November 14 for a ruling on the motion. On reconsideration there is a dissent which would hold that the motion to dismiss pending in *this* court should be denied and the merits of the grant of summary judgment should be addressed and, presumably, decided.

We disagree with both positions for the following reasons. With respect to the former remand, there is no "pending" motion in the trial court so there is no purpose to be served by remanding the case to that court. With respect to the dissent, there is no notice of appeal from the dismissal of the appeal. If appellants desired review of that order, they were required to appeal from it. Court of Appeals Rule 47; *Minor v. Minor,* 173 Ga. App. 428 (327 SE2d 229) (1985), and cases cited therein. An example of such an appeal is *Johnston v. Ga. Pub. Svc. Comm.,* 209 Ga. App. 224 (433 SE2d 65) (1993). It would then have been appropriate thereafter to consolidate the two appeals for

resolution. If the appeal from the dismissal were affirmed, the appeal from the grant of summary judgment would be moot. On the other hand, if the appeal from the dismissal were reversed, summary judgment would be reviewable on the merits.

But all we have is an unappealed order of dismissal, with a motion in *this* court filed by the parties who prevailed below on their dismissal motion, seeking dismissal anew in this appellate court.

The appeal should be dismissed because there is a dismissal of it by the trial court, unappealed from.

This case differs from *Turner v. Taylor*, 179 Ga. App. 574 (1) (346 SE2d 920) (1986), because it is evident from appellants' actions and reference to Rule 47 that they sought to avoid the trial court's ruling on the motion. Instructing the clerk to transmit the record when there is a pending motion filed by the opposing party cannot be permitted to deprive the trial court of jurisdiction.

*Appeal dismissed. Pope, C. J., Beasley, P. J., Andrews and Blackburn, JJ., concur. McMurray, P. J., and Johnson, J., concur specially. Birdsong, P. J., Smith and Ruffin, JJ., dissent.*

McMURRAY, Presiding Judge, concurring specially.

Although I agree with the disposition of dismissing this appeal, I concur specially as it is my view that the trial court lost power (i.e., jurisdiction) to dismiss plaintiffs' notice of appeal after the case was docketed in the Court of Appeals. See *Turner v. Taylor*, 179 Ga. App. 574 (1) (a) (346 SE2d 920); *State v. Jackson*, 188 Ga. App. 259 (1) (372 SE2d 823). This is not to say that I believe the issue raised in defendants' motion to dismiss plaintiffs' notice of appeal is dead. The Court of Appeals has inherent power to issue such orders as may be necessary to preserve jurisdiction of an appeal or to prevent a contested issue from becoming moot. Court of Appeals Rule 50 (c). Accordingly, I would dismiss this appeal and remand the case for consideration of defendants' motion to dismiss plaintiffs' notice of appeal.

After the trial court entered an order granting summary judgment in favor of defendants on all counts of the complaint, plaintiffs filed a timely notice of appeal and therein directed the clerk of the trial court as follows: "Transcript of evidence and proceedings will be filed for inclusion in the record on appeal." Three months later, defendants filed (on February 2, 1994) a motion to dismiss the notice of appeal because of an unreasonable delay in filing the transcript. Plaintiffs responded by sending the following letter, entered on February 10, 1994, to an agent of the Superior Court of Fulton County: "In reference to our Notice of Appeal in the above-styled case, there is no transcript of evidence. Please file the Appeal as soon as possible." The record was then transmitted to the Court of Appeals (ap-

parently the next day) and the appeal was docketed in this court on February 17, 1994.

After docketing of the case sub judice in the Court of Appeals, plaintiffs filed in the trial court (on March 8, 1994) the following response to defendants' motion to dismiss the notice of appeal: "The Clerk's costs for this appeal were paid on November 5, 1993 and on February 11, 1994 the Clerk of the Superior Court transmitted the record to the Court of Appeals where it was docketed on February 17, 1994 as Case No. A94A1161. Under the rulings of *State v. Jackson*, 188 Ga. App. 259 and *Turner v. Taylor*, 179 Ga. App. 574, the failure to obtain a ruling on a motion to dismiss for delay while the matter is within the jurisdiction of the trial court precludes review of the matter pursuant to Rule 47 of the Rules of the Court of Appeals." Unpersuaded by this response, the trial court entered an order dismissing plaintiffs' notice of appeal on March 24, 1994, finding (in pertinent part) as follows: "To delay filing of the transcript of a one to two hour hearing for a period of over three months under such circumstances is unreasonable, and such unreasonable delay is unexcusable."

In their motion to dismiss this appeal pursuant to Court of Appeals Rule 32 and OCGA § 5-6-48 (c), defendants argue that the case sub judice must now be dismissed because of plaintiffs' unreasonable delay in filing a hearing transcript in the trial court. Defendants also argue that, absent manifest abuse of discretion, this court must accept the trial court's finding that plaintiffs' delay in filing a hearing transcript warrants dismissal of plaintiffs' notice of appeal. Neither argument is fruitful. First, the Court of Appeals is not a court of record and cannot effectively weigh (for the first time on appeal) the credibility of plaintiffs' explanation for the delay in filing a transcript. Second, the trial court lost jurisdiction to rule on defendants' motion to dismiss plaintiffs' notice of appeal once the case sub judice was docketed in the Court of Appeals. *Turner v. Taylor*, 179 Ga. App. 574 (1) (a), supra; *State v. Jackson*, 188 Ga. App. 259 (1), supra. However, this is not to say that I believe the issue raised in defendants' motion to dismiss plaintiffs' notice of appeal is dead. This court has inherent power to issue such orders as may be necessary to preserve jurisdiction of an appeal or to prevent a contested issue from becoming moot. Court of Appeals Rule 50 (c). Accordingly, I agree with dismissing this appeal, but would remand the case to the trial court for consideration of defendants' pending motion to dismiss plaintiffs' notice of appeal. An appeal would then be authorized from the trial court's ruling.

I am authorized to state that Judge Johnson joins in this special concurrence.

SMITH, Judge, dissenting.

I respectfully dissent from the dismissal of this appeal. The notice of appeal was filed on November 1, 1993, stating that "a transcript of evidence and proceedings will be filed." Although there was a hearing, it apparently was not transcribed, and appellants mistakenly requested the filing of a transcript. Appellees filed a motion to dismiss the appeal on February 2, 1994. Appellants then requested immediate transmittal on February 9, 1994. The trial court granted the motion to dismiss on March 24, 1994, after docketing of this appeal. It is not disputed that costs were paid on November 5, 1993.

Unlike the per curiam opinion, I do not see any manipulation or improper motives on the part of appellants. After filing what amounted to a standard notice of appeal containing a reference to a nonexistent transcript, appellants belatedly realized their error and endeavored to correct it.

OCGA § 5-6-48 (b) provides for the dismissal of appeals only under certain limited circumstances. Those circumstances differ depending on whether the filing of a transcript or the transmission of a record is involved. More specifically, OCGA § 5-6-48 (c) provides that the trial court may, after notice and a hearing, dismiss an appeal where there is unreasonable delay in the *filing of a transcript* if it is shown that the delay was inexcusable and caused by the appellant. In contrast, where there is unreasonable delay in the *transmission of the record,* it must be shown that the delay was both inexcusable *and* caused by the failure of a party to pay costs in the trial court or file an affidavit of indigency. Since no transcript in fact existed in this appeal, our ruling must be governed by the second provision of OCGA § 5-6-48 (c), which requires both inexcusable delay and failure to pay costs.

There is no dispute that costs in this case were paid, unlike *Teston v. Mills,* 203 Ga. App. 20 (416 SE2d 133) (1992), in which they were not. Therefore the reliance on *Teston* by *Johnston v. Ga. Pub. Svc. Comm.,* 209 Ga. App. 224, 225 (433 SE2d 65) (1993), is misplaced. Because *Johnston* relied upon *Teston* even though costs had been paid, *Johnston* impermissibly extends *Teston.* Although I concurred in *Johnston,* I am now convinced it was wrongly decided and should be overruled. The plain language of the statute limits dismissal for delay in transmitting the record to those situations in which the delay was caused by appellants' failure to pay costs. Since costs were paid in this action, the appeal should not be dismissed.

Moreover, Rule 47 of the rules of this court provides: "Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating to the filing of the transcript of the evidence and proceedings or transmittal of the record to this Court, unless objection thereto was made *and ruled*

*upon* in the trial court prior to transmittal and such order is appealed as provided by law." (Emphasis supplied.) Appellees' motion was made but not ruled upon prior to the transmittal of the record. *State v. Jackson*, 188 Ga. App. 259, 260 (1) (372 SE2d 823) (1988).

This result is consistent with the stated purpose of the Appellate Procedure Act: "[T]his article shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article." OCGA § 5-6-30. Construed in this fashion, the Appellate Procedure Act and the rules of this court do not provide for a dismissal of this appeal under the circumstances presented here. For these reasons, I believe appellees' motion to dismiss should be denied and the merits of this appeal considered.

I am authorized to state that Presiding Judge Birdsong and Judge Ruffin join in this dissent.

DECIDED DECEMBER 20, 1994 —
RECONSIDERATION DENIED JANUARY 23, 1995 —

*Stewart, Melvin & House, J. Douglas Stewart, Frank W. Armstrong III*, for appellants.

*Webb, Tanner & Powell, Anthony O. L. Powell, R. Jack Wilson, Frederick D. Burkey, Chandler & Britt, Gregory D. Jay*, for appellees.