A96A0354. LINDSTROM v. FORSYTH COUNTY et al.
(472 SE2d 106)

McMURRAY, Presiding Judge.

Plaintiff Lindstrom filed this action for damages predicated on theories of inverse condemnation and continuing nuisance against defendants Forsyth County, Georgia and the City of Cumming, Georgia. After defendants' joint motion for judgment on the pleadings was granted, plaintiff filed a notice of appeal on March 30, 1995, which "requested that the clerk send the complete file and record to the Court of Appeals including a 'transcript of evidence and proceedings. . . .'" In fact, there was no transcript of the proceedings below as "the matter had not been reported."

On June 16, 1995, defendants filed a motion to dismiss the appeal on the grounds that transmittal of the record by the superior court clerk to this Court had been delayed solely due to "[a]ppellant's [Lindstrom's] mistake in requesting a non-existent transcript." Defendants' motion to dismiss was supported by affidavits of the court reporter and of a deputy clerk which show that no transcript was requested by plaintiff and that the record below was ready for transmission to this Court, but for the absence of the expected transcript, since approximately April 15, 1995.

Plaintiff responded to defendants' motion to dismiss by attempting to show diligence in following the progress of the superior court clerk in preparing the record for transmission. Plaintiff's evidence shows that a secretary to plaintiff's attorney contacted the superior court clerk's office on four occasions over approximately two months

beginning April 24, 1995, and inquired each time as to the progress of preparation of the record. The secretary states that on the first three of these contacts she was told that the record was not ready to send up to this Court and that no mention was made of the absence of a transcript.

The superior court concluded that an unreasonable and inexcusable delay in the transmission of the record of the case to this Court "was caused by the inaccurate designation in the Notice of Appeal" that a transcript would be filed. Defendants' motion to dismiss was granted and plaintiff appeals. *Held*:

Pursuant to OCGA § 5-6-43 (a), where no transcript of evidence and proceedings is to be sent up, the clerk of the lower court shall prepare and transmit the record within 20 days of the filing of the notice of appeal. We have previously held that dismissal of an appeal is proper under the analysis provided by OCGA § 5-6-48 (c) "where transmittal of the record to the appellate court was delayed because (1) the notice of appeal mistakenly designated that a (non-existent) transcript would be included as part of the record, and (2) the appellant made no effort to expedite the appeal. . . ." *Johnston v. Ga. Pub. Svc. Commn.*, 209 Ga. App. 224, 225 (433 SE2d 65). See also *Teston v. Mills*, 203 Ga. App. 20 (416 SE2d 133). While plaintiff relies upon the secretary's affidavit to provide proof of efforts to expedite the appeal and thus distinguish these earlier cases, we must note that the conflicting evidence from defendants was sufficient to frame factual issues which have been resolved adversely to plaintiff by the superior court. *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359). There was no abuse in the superior court's factual findings and grant of defendants' motion to dismiss.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 17, 1996 —
RECONSIDERATION DENIED MAY 30, 1996.

*Crecelius & Nardone, Bill W. Crecelius, Jr.*, for appellant.

*Boling, Rice, Bettis, Bagley & Martin, Jeffrey S. Bagley, Angela F. Martin, Banks, Stubbs & Neville, Robert S. Stubbs III, John R. Neville*, for appellees.