## A96A1446. RUSSELL v. THE STATE.
### (474 SE2d 673)

BEASLEY, Chief Judge.

Russell appeals his conviction of possession of cocaine. OCGA § 16-13-30.

Members of the Troup County Sheriff's Department received an anonymous call informing them of drug use at the residence of Hardnett. When officers appeared on the scene, Hardnett answered the door and stated that Russell, a guest of hers, was in the kitchen. After admitting that she had smoked marijuana, Hardnett retrieved a partially burned marijuana cigarette from her bedroom and turned it over to the officers. She also admitted that she had smoked some crack cocaine furnished by Russell. In the kitchen area, where Russell was sitting, officers seized a pipe used to smoke crack cocaine. None was found in the residence, but several pieces of crack cocaine were found inside Russell's car. Russell denied he had used or was in knowing possession of any crack cocaine, but a urine sample voluntarily given by him tested positive for cocaine. Hardnett admitted using cocaine and marijuana; she was not asked to give a urine sample.

Testimony introduced at trial showed that law enforcement authorities in Troup County have an unwritten policy under which they do not institute prosecutions for cocaine possession based only on evidence of cocaine residue in a smoking device. Russell was charged with felony possession of the pieces of crack cocaine found in his car. Hardnett was only charged with misdemeanor possession of the marijuana found in her residence.

Russell contends the trial court erred in denying his motion to dismiss the charge against him, and his motions for directed verdict of acquittal and new trial, because of selective prosecution in violation of his equal protection rights under the federal constitution. He asserts that Hardnett could have been prosecuted for possession of cocaine based on cocaine residue in the pipe found in her kitchen, her admission that she had been smoking crack cocaine, or the presence of cocaine in her system. Since she was not, he maintains that the selection of his case for criminal prosecution was based upon an arbitrary and unjustifiable standard.

" 'Some selective enforcement is not in itself a constitutional violation. [Cit.] To be a constitutional violation, the selective enforcement must represent an intentional and purposeful discrimination based upon some unjustifiable standard such as race, religion, or other arbitrary classification. [Cits.]' [Cit.] 'The burden (is) on (the defendant) to prove a selective prosecution by showing (1) that others generally are not prosecuted for the same misconduct, and (2) the decision to prosecute (him) was based upon impermissible grounds such as race, religion or exercise of constitutional rights.' [Cits.]"

(Emphasis omitted.) *State v. Jackson*, 188 Ga. App. 259, 260-261 (2) (372 SE2d 823) (1988).

Prosecutors are vested with discretion in deciding what charges to bring against which defendants based on evidentiary considerations such as those present here. As in *Jackson*, no evidence was introduced tending to show that the decision to prosecute the defendant was based upon invidious discrimination or upon a desire to punish Russell for the exercise of his legal rights. No basis was shown for the avoidance of prosecution on the ground presented.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 12, 1996.

*Alfred F. Zachry*, for appellant.

*Peter J. Skandalakis*, District Attorney, *Brett E. Pinion*, Assistant District Attorney, for appellee.