A98A2353. HAMEED v. HALL et al.
(508 SE2d 680)

ELDRIDGE, Judge.

On September 5, 1996, Obie A. Hameed brought suit against Lorna Hall and First Union Corporation of Georgia seeking to recover from defendants for false arrest, false imprisonment, malicious prosecution, and libel and slander. On October 29, 1997, the trial court entered an order denying Hameed's motion to correct a misnomer or add a defendant, granting defendants' motion for summary judgment, and dismissing Hameed's action with prejudice. On November 25, 1997, Hameed filed a notice of appeal of the October

29, 1997 order.

Hameed was billed for the preparation of the appeal record on December 3, 1997, and the bill of costs was delivered to Hameed's counsel on December 8, 1997. Hameed had not paid the cost of appeal as of February 3, 1998, and the trial court issued an order directing Hameed and his counsel to show cause on February 18, 1998, as to why Hameed's appeal should not be dismissed. On February 5, 1998, Hameed paid the costs of appeal, which was 59 days after Hameed's counsel had received the bill of costs.

In response to the trial court's show cause order, Hameed presented the affidavit of his counsel averring that his delay in paying costs was occasioned by counsel's personal difficulties, Hameed's inability to pay, and counsel's prior inability to advance the costs on Hameed's behalf. Hameed presented his own affidavit averring that he did not have the $1,816 costs and that the costs had been paid by his attorney. Hameed had not previously filed an affidavit of indigence with the trial court. Also, Hameed did not give any explanation as to why co-counsel was unable to represent Hameed's interests during the relevant time period. Further, Hameed and his counsel had known since November 25, 1997, when the notice of appeal was filed, that the costs of the record would have to be paid.

The trial court found that there had been an unreasonable delay in the transmission of the record to the appellate court, that such delay was inexcusable and was caused by the failure of Hameed to timely pay the costs in the trial court or to timely file an affidavit of indigence. The trial court further found that, "even if [Hameed's] dilatory payment of costs or his late-filed affidavit could revive [the] appeal," Hameed had made no efforts whatsoever to obtain the transcript of the hearing that was the subject of the appeal, even though his notice of appeal stated that the "[t]ranscript of hearings and proceedings will be filed for inclusion on the record on appeal," and directed the clerk to "omit nothing from the record." There was no order extending time for filing the transcript. The trial court found that the delay in filing the transcript was inexcusable and was caused by Hameed.

Based on these findings, on February 20, 1998, the trial court dismissed Hameed's November 25, 1997 notice of appeal. It is from this order of dismissal that Hameed now appeals.

1. Hameed alleges that the trial court erred in dismissing his November 25, 1997 notice of appeal.

"Whether or not to dismiss a notice of appeal for delay in paying costs [or filing a transcript] rests in the sound discretion of the trial court when the grounds to dismiss have been met. [Cit.]" *Style Craft Homes v. Chapman*, 226 Ga. App. 634, 636 (487 SE2d 32) (1997). "Under OCGA § 5-6-48 (c), a trial court may dismiss an appeal where

there has been an unreasonable delay in the filing of the transcript, and the delay was inexcusable and caused by the appellant. With regard to delays in transmitting an appeal record to the appellate court, . . . a trial court may dismiss an appeal where the delay was unreasonable, inexcusable, and caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." *Johnson v. Ga. Pub. Svc. Comm.*, 209 Ga. App. 224, 225 (433 SE2d 65) (1993). However, "no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs." OCGA § 5-6-48 (c).

Under the facts of this case, we find no abuse of discretion by the trial court in finding that there had been an unreasonable delay in the transmission of the record to the appellate court and that such delay was inexcusable and was caused by Hameed. Costs were not paid until just prior to the hearing to determine if Hameed's appeal should be dismissed, which was 59 days after counsel received notice of the costs. Hameed's notice of appeal had been pending 72 days, and Hameed knew from the filing of such notice of appeal that costs must be paid. He made no effort to pay costs until the show cause order was entered. Further, Hameed did not file a timely affidavit of indigence.

Additionally, we find no abuse of discretion by the trial court in finding that the delay in filing the transcript was inexcusable and was caused by Hameed. "OCGA § 5-6-42 provides that a transcript must be filed within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39." *Teston v. Mills*, 203 Ga. App. 20 (416 SE2d 133) (1992). Hameed did not request an extension to file the transcript, and no transcript was filed prior to the entry of the trial court's February 20, 1998 order dismissing Hameed's appeal, which was entered 72 days after his notice of appeal was filed. Even though a transcript of the hearing might not be necessary for appeal, Hameed designated that the transcript should be included in the record for appeal, and "it is not up to the clerk to go beyond the designation and determine [if a transcript is] necessary." *Boveland v. Young Women's Christian Assn. &c.*, 227 Ga. App. 241, 242 (1) (489 SE2d 35) (1997). "As [Hameed] designated 'all transcripts' for inclusion in the record, it was his responsibility to ensure all transcripts were prepared and filed. [Cit.]" Id.; see also *Teston v. Mills*, supra (trial court properly found delay was caused by the appellant where he designated the transcript to be included as part of the record, even though there was no transcript).

Accordingly, the trial court did not err in dismissing the November 25, 1997 notice of appeal.

2. Hameed's remaining enumerations of error arise out of the

trial court's order of October 29, 1997, which was the subject of the notice of appeal dismissed by the trial court. Having decided in Division 1 that such dismissal was proper, we need not consider these enumerations.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 26, 1998.

*Patsy A. Austin*, for appellant.
*Smith, Howard & Ajax, John A. Howard, Brooks W. Binder III, Joseph P. Hewes*, for appellees.