A99A2123. HOLY FELLOWSHIP CHURCH OF GOD IN CHRIST v. FIRST COMMUNITY BANK OF HENRY COUNTY.
(530 SE2d 24)

SMITH, Judge.

The only issue submitted for review in this case is whether the trial court erred in dismissing the notice of appeal filed by the Holy Fellowship Church of God in Christ. Because we find that dismissal was not proper, we reverse.

On January 30, 1998, the church filed suit seeking to cancel a deed under power of sale taken by the First Community Bank of Henry County. As part of discovery, the church deposed the bank's president, Charles Blackmon, in September 1998. The church filed the original of Blackmon's deposition in open court on October 5, 1998, at 9:50 a.m. Meanwhile, as the bank sought to foreclose against the church's property, the church amended its original complaint twice. The bank moved to dismiss the amended complaint and sought the imposition of sanctions.

The trial court ruled in the bank's favor and ordered the dismissal of the church's amended complaint unless within 45 days the church paid $32,022.85 into the registry of the court pending the resolution of the case. This order was filed October 27, 1998. Instead of paying into the court's registry, the church elected to appeal that decision and filed a timely notice of appeal on November 20, 1998. In its notice of appeal the church sought to include: "[t]he entire record,

---

[12] OCGA § 16-13-30 (d).

transcripts of all pre-trial and motions hearings, and all evidence in each pre-trial and motions hearings will be included by the clerk in the record on appeal. No portion of the record is to be omitted on appeal."

About three months later, counsel for the church advised the trial court in a letter dated March 2, 1999:

> The appeals clerk in the Clerk's Office of the Henry County Superior Court has informed me that in order to finish preparation of the appeal record, she needs an order from you to open up the sealed deposition of the bank's president, Mr. Charles Burt Blackmon. I have enclosed a proposed order to this effect.

By letter to the trial court dated March 3, 1999, the bank objected to the proposed order and urged the trial court to dismiss the church's notice of appeal. The bank accused the church of dilatory actions and pointed out that the church had failed to seek an extension of time for having the record transmitted within 30 days to the Court of Appeals. About a week later, on March 11, 1999, counsel for the church faxed a letter to the trial court expressing total disagreement with the bank's contentions and conclusions. The church's counsel questioned whether it was his responsibility to obtain an order for unsealing the deposition.[1]

Without conducting a hearing on the matter, the trial court on May 21, 1999, ordered the notice of appeal dismissed. The court noted:

> Plaintiff contends that in order to complete preparation of the record for appeal, the sealed deposition of Mr. Charles Burt Blackmon must be opened. Defendant, First Community Bank of Henry County, responds by objecting to the opening of the deposition and requesting that Plaintiff's Notice of Appeal be dismissed. Defendant contends that dismissal of Plaintiff's Notice of Appeal is proper because the record was not remitted to the Court of Appeals within the thirty (30) day time requirement. After reviewing the file and correspondence of the attorneys for both parties, the court finds that the file was not timely remitted to the Court

---

[1] In this letter to the trial court dated March 11, 1999, counsel for the church wrote, "[a]lthough I do not know that this was my responsibility, I was asked by an appeals clerk in the Henry County Superior Court to see if I could obtain from you an order to open Mr. Blackmon's deposition, as that was needed to complete the appeals record." Counsel then explained that he had been delayed in seeking the order but did not reveal the date on which the clerk notified him about a problem in transmitting the record.

of Appeals. WHEREFORE IT IS HEREBY ORDERED AND ADJUDICATED that Plaintiff's Notice of Appeal be DISMISSED.

The sole issue on appeal is whether the trial court erred in ordering the appeal be dismissed.

As a general rule, this state's appellate courts should reach the merits of appeals whenever possible. OCGA § 5-6-30; *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 21 (363 SE2d 265) (1987). The policy is to avoid the dismissal of an appeal and to reach the merits of a case whenever it is reasonable to do so. *Sellers v. Nodvin*, 262 Ga. 205, 207 (1) (b) (415 SE2d 908) (1992).

Without question, it is an "appellant's obligation to complete the record. OCGA §§ 5-6-37; 5-6-42." *Blount v. Moore*, 175 Ga. App. 288, 291 (333 SE2d 167) (1985) (physical precedent only). In so doing, an appellant must timely pay the costs and ensure the timely preparation of any needed transcripts or evidence. *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639) (1983).

> [I]t is the responsibility of the clerk of court to prepare the record and transmit it to the appellate court. . . . [T]he transcript of evidence and proceedings, as opposed to the record, is the responsibility of the appellant, or if [the appellee] desires inclusion of material omitted by appellant, [of] the appellee. . . . After the appellant has filed a notice of appeal, his duty as to the record is limited to the payment of costs.

(Citations omitted.) Id. Upon filing a timely notice of appeal as to an appealable order, an appellant therefore has two responsibilities: timely payment of costs, OCGA § 5-6-48 (c), and filing the requisite transcript or portions thereof within 30 days. OCGA § 5-6-42. Id. Once the notice of appeal has been filed, "the obligation for the preparation of the record rests with the clerk." *Long*, supra. The clerk is required to transmit the record to the appellate court within five days after the transcript is filed, or if no transcript is to be filed, within twenty days after the filing of the notice of appeal. OCGA § 5-6-43 (a). "If for any reason the clerk is unable to transmit the record and transcript within the time required in this subsection . . . , he shall state in his certificate the cause of the delay and the appeal shall not be dismissed." OCGA § 5-6-43 (a).

When an appellant has properly paid the costs and the failure to transmit the record is occasioned by the clerk, the trial court has no discretion to dismiss the appeal. *Long*, supra; compare *Hooper v. Southern Bell Tel. &c. Co.*, 195 Ga. App. 629, 630 (2) (394 SE2d 798)

(1990) (failure to pay costs until 72 days after receipt of bill for costs both unreasonable and inexcusable); *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223, 225 (372 SE2d 493) (1988) (trial court did not abuse its discretion in dismissing appeal when appellant's conduct contributed to delay that was found inexcusable and unreasonable).

Notwithstanding the bank's claim to the contrary, a trial court may order the dismissal of an appeal only after notice and an opportunity for a hearing, and then only if the court finds that "there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." OCGA § 5-6-48 (c). *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996). Absent a finding of both an unreasonable delay and one that was inexcusable, the dismissal of an appeal by a trial court is not authorized. *Sellers*, supra at 206. Here, no such findings were made.

The bank's reliance upon *Teston v. Mills*, 203 Ga. App. 20 (416 SE2d 133) (1992) is misplaced. In that case, the delay was directly attributable to the appellant who designated the inclusion in the record of a nonexistent transcript. The same problem arose in *Johnston v. Ga. Pub. Svc. Comm.*, 209 Ga. App. 224 (433 SE2d 65) (1993); again, the sole reason for the delay was the clerk's office waiting for the filing of a nonexistent transcript.

The church filed the sealed deposition at issue more than six weeks before filing its notice of appeal, and the delay appears to have been occasioned by the clerk's office's refusal to transmit a deposition under seal. Although the bank now claims that the clerk notified opposing counsel of the problem four days after the church filed its notice of appeal, no indication that notice was given appears in the record. Moreover, nothing in the Appellate Practice Act obligates an appellant to obtain an order from the trial court to unseal a deposition. OCGA § 5-6-30 et seq. Sealed depositions are routinely transmitted to this court. Because the record contains no evidence to support a finding that the church was responsible for the delay in transmitting the record to this court, the trial court had no discretion to dismiss the appeal. *Long*, supra; compare *Beavers v. Gilstrap*, 210 Ga. App. 46, 47 (435 SE2d 267) (1993) (case remanded for trial court to make requisite findings).

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 16, 2000.

*John A. Pickens*, for appellant.
*Thomas E. Baynham III*, for appellee.