564 S.E.2d 524 (2002)
255 Ga. App. 93
In the Interest of C. F., a child.
No. A02A0036.
Court of Appeals of Georgia.
April 17, 2002.
*525 William A. Adams, Jr., for appellant.
William T. McBroom III, Dist. Atty., James E. Sherrill, Asst. Dist. Atty., for appellee.
RUFFIN, Judge.
The Juvenile Court of Upson County adjudicated C.F. delinquent and subsequently dismissed his appeal, finding he unreasonably delayed the filing of the trial transcript. C.F. appeals the dismissal order, and for reasons that follow, we affirm.
The record shows that, on February 23, 2001, C.F. timely filed a notice of appeal from the juvenile court's order adjudicating him delinquent. The delinquency proceedings were tape recorded, and C.F. wanted to include a transcript of the tape in the record for appeal. On April 30, 2001, the State moved to dismiss C.F.'s appeal, arguing, among other things, that he had inexcusably delayed filing a transcript. The trial court scheduled the motion for hearing on May 9, 2001. On the date of the hearing, C.F.'s counsel moved for an extension of time to file the transcript, asserting that the continuing delay had been caused by his office being "overburdened with other matters at this time, and the transcript was given to another person to prepare and that person has advised that it is not ready at this juncture due to scheduling conflicts and matters uncontrollable to appellee [sic] or his attorney."
On June 2, 2001, the juvenile court denied C.F.'s motion for an extension and granted the State's motion to dismiss. The court found that, as of the hearing date, 75 days had elapsed since C.F. filed the notice of appeal, and he had still not filed the transcript. The court gave little credence to C. F.'s assertion that the delay was outside his control, finding that he showed only that he received a copy of the tape on April 12, 2001, "submitted [it] ... to persons unknown for transcription" and offered "nothing further of substance ... to show that the appeal is in the process of proceeding." C.F. subsequently filed this appeal.
1. C.F. argues that the juvenile court abused its discretion in dismissing the appeal because there was no evidence showing that his failure to file the transcript was unreasonable and inexcusable. We disagree.
C.F.'s obligation to file the transcript is governed in part by OCGA § 5-6-42, which requires an appellant who wants to include a transcript in the appellate record to cause the transcript to be prepared and filed "within 30 days after filing of the notice of appeal[,] ... unless the time is extended as provided in Code Section 5-6-39." That section permits a court to grant additional time for filing the transcript,[1] but requires the *526 moving party to request the extension "before expiration of the period for filing as originally prescribed or as extended by a permissible previous order."[2] Although "failure to timely request an extension, standing alone, is not sufficient to justify dismissal of [an] appeal,"[3] a court nonetheless has discretion to dismiss an appeal if it finds, "after notice and opportunity for hearing, ... [that] there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party."[4] On appeal, we will not disturb such ruling absent an abuse of discretion.[5]
The trial court did not abuse its discretion here. C.F. was required to file the transcript within 30 days of the time he filed his notice of appeal.[6] Considering that he failed to file the transcript in 75 days and offered no assurances of when it might be filed, the appellate process had been indefinitely postponed, and the trial court was authorized to find that the delay was unreasonable.[7] The trial court was also authorized to find that the delay was inexcusable and caused by C.F. Indeed, as found by the juvenile court, although C.F. generally complained about being overburdened by other work and about unspecified scheduling conflicts suffered by the unidentified person who was preparing the transcript, he offered nothing of substance to account for the continued, indefinite delay in filing the transcript. Furthermore, even if the initial delay in obtaining the tape from the clerk was not attributable to C.F., "[that] does not excuse the filing delay, in the absence of a proper request by [C.F.] for an extension of time."[8] Accordingly, the trial court did not abuse its discretion in dismissing the appeal on these grounds.[9]
2. C.F. also asserts that the trial court erred in dismissing his appeal based, in part, on his failure to pay costs. Assuming without deciding that this assertion has any merit, the court obviously dismissed the appeal due to C.F.'s failure to file the transcript, as it was authorized to do, and "[a] judgment right for any reason will be affirmed on appeal."[10]
Judgment affirmed.
POPE, P.J., and BARNES, J., concur.
NOTES
[1] See OCGA § 5-6-39(a)(3).
[2] OCGA § 5-6-39(d).
[3] Burns v. Howard, 239 Ga.App. 315, 316, 520 S.E.2d 491 (1999).
[4] OCGA § 5-6-48(c). Accord Burns, supra; Hameed v. Hall, 234 Ga.App. 890, 891-892(1), 508 S.E.2d 680 (1998).
[5] See Teston v. Mills, 203 Ga.App. 20, 416 S.E.2d 133 (1992).
[6] See OCGA § 5-6-42.
[7] See Hameed, supra (72-day delay unreasonable); Dept. of Human Resources v. Patillo, 196 Ga.App. 778, 779, 397 S.E.2d 47 (1990) (finding that "appellant made no effort to discover when the transcript would be timely filed").
[8] In re G.W. H., 168 Ga.App. 845, 846, 310 S.E.2d 573 (1983).
[9] See Hameed, supra; Patillo, supra.
[10] Corner v. State, 223 Ga.App. 353, 355, 477 S.E.2d 593 (1996).