## 71975. TURNER v. TAYLOR.
(346 SE2d 920)

Beasley, Judge.

Turner filed suit against Taylor alleging she sustained personal injuries as a result of Taylor's negligent operation of his vehicle. A jury returned a verdict in favor of the defendant on November 14, 1984. The trial court denied plaintiff's motion for new trial on May 24, 1985. She filed a notice of appeal on June 21 and filed the record and transcript in this court on November 18.

The trial court entered an order dismissing the appeal stating: "On June 25, 1985, the Clerk sent a bill for appeal costs to counsel for the Plaintiff/Appellant, who signed the certified mail receipt therefor on June 28, 1985. The appeal costs remained unpaid for approximately three and one-half months, and on October 11, 1985, Defendant/Appellee filed and served his Motion to Dismiss Appeal and a Notice of Hearing for this date. It appears that the Plaintiff/Appellant later paid the appeal costs and the Clerk inadvertently forwarded the record to the Court of Appeals, even though the Motion to Dismiss Appeal remained pending in this court.

"The Plaintiff/Appellant's delay in paying the appeal costs was unreasonable and inexcusable. [Cits.] Jurisdiction over the Motion to Dismiss Appeal remains in this court, even though the case has been docketed in the Court of Appeals during the pendency of this motion. [Cits.]"

1. Appellee Taylor has moved this court to dismiss the instant appeal on two bases: a) pursuant to Rules 32 (d) and 47 of this court and the order entered by the trial court dismissing the instant appeal; b) failure to comply with the discretionary appeal provisions of OCGA § 5-6-35.

a) The court issued its order of dismissal for unreasonable and inexcusable delay pursuant to OCGA § 5-6-48 (c) and the authority of *McDonald v. Garden Svcs.*, 163 Ga. App. 851 (295 SE2d 551) (1982) and *Continental Inv. Corp. v. Cherry*, 124 Ga. App. 863 (186 SE2d 301) (1971), and the threshold question of the court's jurisdiction based upon *Minor v. Minor*, 173 Ga. App. 428 (327 SE2d 229) (1985) and *In re G. W. H.*, 168 Ga. App. 845 (310 SE2d 573) (1983).

In *Minor v. Minor*, supra, this court held: " 'The trial court . . . had jurisdiction to hear and decide the motion to dismiss in view of the provisions of Rule 47 . . . of this court allowing objections relating to the filing of the transcript to be made in the trial court prior to the docketing thereof in the Court of Appeals.' *In re G. W. H.*, 168 Ga. App. 845-846 (310 SE2d 573) (1983)." Court of Appeals Rule 47 in effect at the time of *Minor* and *In re G. W. H.* read as follows: "Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating

to the filing of the transcript of the evidence and proceedings or transmittal of the record to this Court unless objection thereto was made in the trial court prior to docketing in this Court." Effective March 1, 1985, Court of Appeals Rule 47 was amended to read: "Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating to the filing of the transcript of the evidence and proceedings or transmittal of the record to this Court unless objection thereto was made and ruled upon in the trial court prior to transmittal, and such order is appealed as provided by law."

Whether transmitted erroneously or not, it is indisputable that the record and transcript in the present appeal was sent to this court prior to any ruling by the trial court in regard to appellee's motion to dismiss the appeal. Even assuming that the trial court's dismissal of the appeal was premised not only upon the failure to pay costs timely but also upon the basis that such failure resulted in unreasonable delay in the transmission of the record to this court and that the delay was inexcusable as required under OCGA § 5-6-48 (c), the order of dismissal is a nullity. Pursuant to now applicable Rule 47, the trial court was relieved of its jurisdiction to consider objections to records or transcripts when there was no ruling upon such objection prior to transmittal of the record. Therefore, appellee's motion to dismiss on this basis must be denied.

b) The judgment was a determination of non-liability on the part of defendant. As such it is a matter of direct appeal and not controlled by the requirements for discretionary appeal in OCGA § 5-6-35 (a) (6). See *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986); *Brown v. Assoc. Fin. Svcs. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986). Consequently, appellee's motion to dismiss for failure to comply with OCGA § 5-6-35 (a) (6) must likewise be denied.

2. In two separate enumerations of error appellant urges that the trial court erred in denying her motion for new trial which was based upon the general grounds and in entering judgment for the defendant. However, she makes no argument whatsoever in support of these enumerations and therefore has abandoned them. Court of Appeals Rule 15 (c) (2). We also note that appellant has failed to follow this court's requirement that "[t]he sequence of argument or arguments in the briefs shall follow generally the order of the enumeration of errors, and shall be numbered correspondingly." Court of Appeals Rule 15 (c) (1). We will attempt, at appellant's peril, to sort through appellant's arguments as to the remaining enumerations of error.

3. Appellant maintains that the trial court erred in failing to give two of her requests to charge. At the conclusion of the jury charge and following the court's inquiry whether or not there were objections to the charge, appellant made no objection to any absence of the

charges. She may not now complain about their exclusion. OCGA § 5-5-24; *Mathews v. Penley*, 242 Ga. 192, 193 (2) (249 SE2d 552) (1978), cert. denied, 440 U. S. 924 (99 SC 1255, 59 LE2d 478) (1979).

4. Appellant also complains that the trial court erred in giving the defendant's request to charge number 15, which reads in pertinent part: "if you believe from the entire testimony that the Plaintiff has magnified or exaggerated his/her alleged damages on account of his/her interest in this lawsuit or for any other reason, then you have the right, and it is your duty, to disregard the evidence given by him/her insofar as the same is unjustly magnified and unjustly increased, either as to the damage or the conduct of the Defendant."

At the charge conference, the court asked plaintiff's counsel to comment about the request and counsel responded that he had not read the case from which the request was taken, "but it doesn't occur to me that anybody who may exaggerate or magnify absolutely destroys their testimony. I'd certainly want to read that decision to see if the [j]ury finding that a plaintiff has magnified or exaggerated her damages had they find it because on account of or interest in this lawsuit or for any other reason." The court then withheld the request in order to read the cited authority. The following day the charge conference resumed, the court announced that it would give the requested charge, and there was no further comment by the plaintiff in this regard.

Plaintiff now urges that the case relied upon as authority for the charge, *Brewer v. Henson*, 96 Ga. App. 501 (100 SE2d 661) (1957) does not support it, as it held that the trial court was "correct in refusing to give that charge." She urges that there was no reason to give the charge in this case and that it improperly suggested to the jury that "plaintiff's testimony in some way might have been magnified or exaggerated."

We do not characterize plaintiff's initial comment to the charge as raising any objection. OCGA § 5-5-24 (a) places the duty on counsel to exercise a high degree of clarity in objecting to charges. *Stone v. Burell*, 161 Ga. App. 369 (288 SE2d 636) (1982). Furthermore, once the court announced its determination that it would give the instruction, the plaintiff remained mute. "[I]f the exception actually made is not argued or insisted upon, it will be treated as abandoned." *Fidelity-Phenix Ins. Co. v. Mauldin*, 123 Ga. App. 108, 111 (2) (179 SE2d 525) (1970). Even if we were to accept that plaintiff's objection was properly made and preserved for our review, the grounds presently enumerated as error were not raised during trial and therefore may not now be raised for the first time. *Jackson v. Meadows*, 157 Ga. App. 569, 571 (1) (278 SE2d 8) (1981).

5. Lastly, appellant argues that the trial court erred in giving defendant's request to charge on the theory of accident. But as in Divi-

sion 4, we are unable to reach the merits of the contention for plaintiff lodged no objection whatsoever in this regard before the trial court.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 1, 1986.

*Albert B. Wallace*, for appellant.
*Kenneth L. Shigley*, for appellee.