A94A2391. MILLER v. INGLES MARKET, INC.
(449 SE2d 166)

McMURRAY, Presiding Judge.

Ingles Market, Inc. (appellee) has filed a motion to dismiss this appeal pursuant to OCGA § 5-6-48 (c), arguing that there was an unreasonable and inexcusable delay in the transmission of the record to this court due to Carol L. Miller's (appellant) failure to timely pay the costs of preparing the appellate record. Appellee asserts that it was unable to press a motion to dismiss this appeal in the trial court because appellant did not notify appellee of the filing of a notice of appeal (as required by OCGA § 5-6-37) or otherwise inform appellee of the appeal via notice or correspondence of any kind. Appellee supports this allegation via affidavit identifying a letter from appellate counsel apologizing for his "gross oversight" and contends it did not find out about the appeal until receipt of a notice of docketing from the Georgia Court of Appeals.

OCGA § 5-6-48 (c) authorizes dismissal of a party's appeal "where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs." "Under that Code section, only the trial court has the authority to dismiss an appeal for failure to file a transcript timely. 'The cause for delay in the processing of the appeal is a fact issue for determination in the trial court,' and in making that

determination, the trial court exercises a broad legal discretion which is subject to appellate scrutiny only for abuse. (Citation and punctuation omitted.) *Barmore v. Himebaugh*, 205 Ga. App. 381, 382 (422 SE2d 255) (1992)." *Beavers v. Gilstrap*, 210 Ga. App. 46 (1), 47 (435 SE2d 267).

In the case sub judice, appellee alleges that appellant waited more than 20 days to pay costs after the trial court clerk mailed a receipt of the amount of said costs. Further, it appears the trial court was never provided an opportunity to make the requisite fact determination regarding whether the trial court clerk's notice of the amount of the costs was sufficient under OCGA § 5-6-48 (c) (i.e., notice mailed by registered or certified mail) and whether any such delay in paying costs was unreasonable, inexcusable, and caused by appellant. Consequently, since it appears appellee was not to blame for failing to file a motion to dismiss this appeal in the trial court, the appropriate course of action is to remand the case to the trial court to make that determination and rule on [appellee's] motion to dismiss. See *Smith v. Ga. Power Co.*, 183 Ga. App. 295 (358 SE2d 879) (1987); *Hosch v. Pickett*, 172 Ga. App. 13 (321 SE2d 777) (1984). Of course, while failure to notify appellee of the filing of a notice of appeal is not grounds for dismissal of this appeal, OCGA § 5-6-48 (a), such omission may be a factor in the trial court's determination of whether any such delay in paying costs was unreasonable, inexcusable and caused by appellant. See *Hatfield v. Great American Mgmt. &c.*, 190 Ga. App. 534, 535 (2) (379 SE2d 544).

*Judgment vacated and case remanded with direction. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 7, 1994.

*Charles G. Wright, Jr.*, for appellant.
*Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, David W. Noblit*, for appellee.