A95A1077. COPELAND v. CONTINENTAL KEWITT et al.
A95A1078. WOODARD v. CONTINENTAL KEWITT et al.
A95A1079. HAWKINS v. CONTINENTAL KEWITT et al.
(461 SE2d 277)

BLACKBURN, Judge.

L. J. Copeland, Bernard Woodard, and Raymond Hawkins appeal the superior court's order affirming the decisions of the Appellate Division of the State Board of Workers' Compensation (Board), denying each appellant's claim for benefits due to alleged hearing losses. We granted appellants' applications for discretionary appeal on November 14, 1994, and they subsequently caused the record to be transmitted to this Court where it was docketed on February 10, 1995. On February 14, 1995, appellee, Crown, Cork & Seal/Cigna (CCS) filed a motion to dismiss the appeals in this court and in the trial court under OCGA § 5-6-48 (c) claiming that the appellants unduly delayed transmitting the appellate record. Particularly, CCS asserts that appellants' failure to timely pay the trial court's costs caused an unnecessary delay.

1. We first must deny CCS's motion to dismiss these appeals pursuant to OCGA § 5-6-48 (c).

"*No appeal shall be dismissed by the appellate court* nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court. . . ." (Emphasis supplied.) OCGA § 5-6-48 (c). Rather, the power to make such dismissals is in the trial court. Id. Thus lacking the authority to dismiss an appeal for failure to file a transcript timely, we must deny the instant motion to dismiss. See *Beavers v. Gilstrap*, 210 Ga. App. 46, 47 (435 SE2d 267) (1993).

Additionally, we conclude that once the case was docketed in this court, the trial court lost its jurisdiction to act on the motion. Accordingly, its filing is a nullity.[1] See *Ovestco Corp. v. Bowen*, 216 Ga. App.

---

[1] Our Rules of Court no longer provide for waiver of any objection due to appellants' failure to timely file the transcript of the evidence and proceedings with this court. While we could exercise our inherent power under Court of Appeals Rule 40 (b) to prevent the issue

121, 122 (453 SE2d 94) (1995); see also *Turner v. Taylor*, 179 Ga. App. 574 (1) (346 SE2d 920) (1986).

2. Appellants first enumerate that the trial court erred in failing to find that the administrative law judge (ALJ) acted ultra vires in considering the deposition of a CCS expert, Dr. Sean D. Peppard, in that they were not noticed of its taking and denied an opportunity to confront and cross-examine the deponent as a result.

In workers' compensation hearings, the admissibility of a deposition is contingent upon satisfaction of the right to notice of the deposition and of the right to be present when the deposition is taken. OCGA §§ 34-9-102 (d) (1); 9-11-30 (b) (1); *Ga. Power Co. v. Brown*, 169 Ga. App. 45, 47 (311 SE2d 236) (1983). We conclude that error in this regard was here harmless.

The evidence shows that the parties to the underlying consolidated action, appellants and Donald L. Martin, the party deponent, were all given notice of the Board's rules. Such notice necessarily was inclusive of Board Rule 102 (b) (3) authorizing the parties in cases pending before an ALJ to request that the proceedings be held open before and after the conduct of workers' compensation hearings. Notwithstanding the foregoing, the appellants neither chose to depose Dr. Peppard nor requested leave of the ALJ to hold the proceedings open for the purpose of allowing appellants an opportunity to participate in taking the deposition before or after the hearing. Moreover, OCGA § 34-9-102 (e) (2) authorizes parties introducing a medical report before an ALJ to supplement the same by the testimony of the expert who has signed the report. Additionally, the substance of the complained deposition was not inconsistent with Dr. Peppard's medical report, a document which was received in evidence without objection pursuant to OCGA § 34-9-102 (e), and the appellants otherwise permitted Martin to testify on their behalf in this consolidated case. Accordingly, this enumeration of error is without merit.

3. The appellants also contend that the evidence was insufficient to support the ALJ's findings that CCS provided noise protection devices in the workplace for the regular use of employees and that such devices were regularly used in accordance with OCGA § 34-9-264 (b) (6) and (7).

"The claimant in a workers' compensation proceeding has the burden of proof to show that his injury is compensable. This tenet embodies the basic precept of [OCGA § 24-4-1] which states that the burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such

---

from becoming moot by dismissing the appeal and remanding the case to the trial court, here we decline to do so in the interests of judicial economy.

fact is essential." (Citations and punctuation omitted.) *Holt Svc. Co. v. Modlin*, 163 Ga. App. 283, 285 (293 SE2d 741) (1982). In order to meet the threshold requirements of a compensable hearing loss, an employee must show an exposure to harmful noise, a sound greater than 90 decibels, A scale, for at least 90 days. OCGA § 34-9-264 (a) (1), (b) (7). OCGA § 34-9-264 (b) (6) provides employers with an affirmative defense to an otherwise compensable exposure to harmful noise by regularly providing protective devices capable of preventing hearing loss occasioned by the harmful noise where the employee works.

There is no evidence in the record establishing noise levels in excess of 90 decibels, A scale, at the instant plant after 1987, approximately three years before CCS purchased the plant from Continental Kewitt, Peter Kewitt, Inc. (Continental Kewitt). The medical report prepared by Dr. Peppard, among other things, indicates that the hearing losses sustained by the appellants had stabilized in 1985, more than five years before CCS purchased the plant in which the claimed hearing losses were alleged to have occurred; and that the hearing protection devices provided by CCS, if used, were effective to remove employees from exposure to harmful noise levels. Appellants' own witness, audiologist Detra Curtis, testified that the hearing protection devices provided by CCS were capable of reducing the harmful noise, if any, below 90 decibels, A scale.

Other evidence of record indicates that CCS provided hearing protection devices to its employees with only occasional exception not exceeding 48 hours, gave emphasis to the need to use hearing protection in monthly employee safety meetings, and regularly audited employees to ensure that such protective equipment was being used. No union grievance was filed against the CCS for failure to provide hearing protection devices. The appellants themselves testified that they consistently used the hearing protection devices provided by CCS. None was disciplined for not having done so. In light of the foregoing, we find that the appellants have not met their burden to establish compensable hearing losses. OCGA § 34-9-264 (a), (b) (6), (7).

We must affirm if there is any evidence supporting the Board's findings. *Buschel v. Kysor/Warren*, 213 Ga. App. 91, 95 (444 SE2d 105) (1994). Finding such evidence in the record, we deem this enumeration of error to be without merit and affirm.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED AUGUST 2, 1995.

*Diane M. Zimmerman & Associates, Charles P. Taylor*, for appellants.

*Murphy & Sibley, R. Napier Murphy, Shivers, Johnson & Wilson, Edwin G. Russell, Jr., Laurens C. Lee, Judith A. Hodges,* for appellees.