A98A2046. LIPSTEUER v. CSX TRANSPORTATION, INC.
(513 SE2d 532)

RUFFIN, Judge.

Bruce Lipsteuer sued his former employer, CSX Transportation, Inc., under the Federal Employer's Liability Act, 45 USC § 51 et seq. (FELA), alleging that he suffered injury as a result of exposure to hazardous chemicals and other toxic substances. The Gwinnett County Superior Court granted CSX's motion for summary judgment, holding that the claim was barred by the statute of limitation. We affirm.[1]

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it,

---

[1] CSX moved to dismiss this appeal, claiming that after the docketing of the appeal in this Court, CSX moved for and obtained an order from the trial court dismissing plaintiff's notice of appeal for failure to timely provide a transcript. However, by failing to move for and obtain an order of dismissal prior to the transmittal of the record to this Court, CSX waived any right to have this appeal dismissed for failure to timely file a transcript, and any order by the trial court purporting to dismiss the notice of appeal is a nullity. Court of Appeals Rule 20; *Turner v. Taylor*, 179 Ga. App. 574-575 (1) (a) (346 SE2d 920) (1986). Accordingly, CSX's motion to dismiss is denied.

in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Plaintiff originally sued CSX on January 3, 1994 in Gwinnett County State Court, alleging the same injuries and cause of action as in the present case. Plaintiff voluntarily dismissed the State Court action on September 6, 1996. On September 12, 1996, plaintiff refiled the action in the Jefferson Circuit Court in the state of Kentucky. While the Kentucky case was pending, plaintiff filed the current action in Gwinnett County Superior Court on March 6, 1997. The Kentucky court dismissed plaintiff's case with prejudice on May 15, 1997, holding that the statute of limitation had expired. Plaintiff asserts that an appeal of the Kentucky ruling is pending, although this is not shown by the record. The trial court in this case granted CSX's motion for summary judgment on September 3, 1997.[2]

"Actions maintained under the FELA must be filed within three years from the day the cause of action accrues. 45 USC § 56. A claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known." *CSX Transp. v. Adkins*, 264 Ga. 203 (442 SE2d 737) (1994). Plaintiff's cause of action accrued no later than January 3, 1994, when he first sued CSX for his injuries and alleged that the injuries were the result of CSX's negligence. Thus, this action, which was filed on March 6, 1997, was filed outside the three-year limitation period.

Plaintiff argues that the statute of limitation was equitably tolled during the pendency of the Kentucky action, and that this case therefore relates back to the filing of the Kentucky action. This contention is without merit. In *Burnett v. New York Central R.*, 380 U. S. 424, 428 (85 SC 1050, 13 LE2d 941) (1965), the United States Supreme Court discussed the effect of a pending suit on the FELA statute of limitation. The plaintiff in that case sued the defendant within the limitation period, but improperly brought the action in state rather than federal court. After the suit was dismissed for improper venue, the plaintiff refiled in the proper forum. The Supreme Court noted that, in federal courts and in many states, a case filed in the wrong forum would be transferred to the proper court rather than dismissed. Id. at 430-431. In other states, "savings" statutes would allow a plaintiff whose action is dismissed for improper venue or other procedural reasons to refile within a speci-

---

[2] Although not raised in CSX's motion for summary judgment, the trial court held that res judicata did not apply because the Kentucky judgment had been appealed. Because the statute of limitation was the only ground asserted by CSX in its summary judgment motion, we do not consider whether CSX was entitled to summary judgment on the ground of res judicata. See *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995).

fied time. Id. at 431. Noting that these savings statutes varied widely from state to state, the Supreme Court held that such statutes are not incorporated into the FELA statute of limitation. Id. at 431-433. However, the Court held that "when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." Id. at 434-435. This ruling "placed those state court FELA plaintiffs in states where no transfer statute existed on equal footing with FELA plaintiffs in federal court and in state courts in states with transfer statutes, thus promoting national uniformity." *Smith v. Seaboard System R.*, 179 Ga. App. 822, 823 (348 SE2d 97) (1986).

*Burnett* did not establish a general rule that the filing of a FELA claim in one jurisdiction automatically tolls the statute of limitation during the pendency of that action. In *Smith*, supra, we expressly held that the *Burnett* holding was "limit[ed] . . . to those cases in which a timely filed and properly served FELA case is dismissed due to improper venue after the expiration of the statute of limitation." Id. We held that "[s]ince appellant's initial FELA complaint was dismissed for a reason other than improper venue, the FELA statute of limitation was not tolled during the pendency of the earlier action." Id.

In this case, the Kentucky action was not dismissed for improper venue, but because of the expiration of the statute of limitation. Accordingly, the statute of limitation was not tolled under *Burnett* during the pendency of the Kentucky action.

The fact that the present action was filed *before* the Kentucky court entered its dismissal order does not change this result. Although raising the same claim, this case is not a transfer or renewal of the Kentucky action, but is a separate lawsuit. Plaintiff has cited, and we have found, no cases holding that if a plaintiff timely files a FELA action in one state, he may continue filing identical actions in other states up until the point the first action is dismissed, without regard to the statute of limitation. Rather than promoting equity, such a proposition would make a mockery of the statute of limitation, require defendants to defend the same claim in multiple forums, and encourage flagrant forum shopping on the part of plaintiffs. Indeed, a plaintiff could prolong litigation indefinitely, refiling in another jurisdiction if it appeared that an adverse ruling in pending litigation was imminent, and then voluntarily dismissing the pending litigation before such a ruling could be entered. Although *Burnett* recognizes that the policy of repose may be outweighed "where the interests of justice require vindication of the plaintiff's rights," *Burnett*, supra at 428, that is not the case here. Accordingly, plaintiff's contention that the Kentucky action tolled

the running of the statute of limitation is without merit.

Plaintiff also contends that, notwithstanding his discovery of the cause of his injuries, the statute of limitation did not begin running until June 6, 1994, his last date of employment with CSX, because he was continuously exposed to hazardous chemicals up to that point. This contention has been squarely rejected by federal courts construing the FELA statute of limitation. The "continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." *Kichline v. Consolidated Rail Corp.*, 800 F2d 356, 360 (3rd Cir. 1986). See also *Ricard v. Elgin, Joliet & Eastern R. Co.*, 750 FSupp. 372, 375 (N.D. Ind. 1990) ("the continuing tortious conduct of the defendant does not toll the statute of limitations when the plaintiff has knowledge of the fact of his injury and of its possible cause"); *Stokes v. Union Pacific R. Co.*, 687 FSupp. 552, 554-555 (D. Wyo. 1988). These cases are consistent with our Supreme Court's holding, in a non-FELA context, that "in a continuing tort a cause of action accrues when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof." *Waters v. Rosenbloom*, 268 Ga. 482, 483 (2) (490 SE2d 73) (1997). Moreover, plaintiff admitted that the injuries alleged in the present case were the same as those alleged in his original suit filed on January 3, 1994. Plaintiff has not alleged or presented evidence that he suffered any additional injuries or aggravation of existing injuries due to actions of the employer between the date he filed suit and June 6, 1994, when he left employment. "Without additional injury there can be no continuing tort." *Stokes*, supra at 555. Accordingly, plaintiff's cause of action accrued when he discovered his injuries and their alleged cause, which occurred no later than January 3, 1994 when he sued CSX for such injuries. Because the present suit was filed more than three years after the accrual of the cause of action, it is barred by the statute of limitation.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 8, 1999.

*Schwartz & Associates, Robert C. Arledge, James W. Owens*, for appellant.

*Casey, Gilson & Williams, James E. Gilson, Matthew H. Roane*, for appellee.