A11A0419. NOORANI v. SUGARLOAF MILLS LIMITED PARTNERSHIP OF GEORGIA.
(706 SE2d 750)

ADAMS, Judge.

Defendant/appellant Amir Noorani filed a notice of appeal on February 24, 2010 seeking review of an order denying his motion to dismiss for lack of jurisdiction entered on July 22, 2009, a judgment and final order entered on February 16, 2010 and an order regarding discovery sanctions entered on December 7, 2006. That appeal was docketed in this Court as Case No. A10A2098 on July 1, 2010 and Noorani filed his brief on July 21, 2010.

On June 11, 2010, Noorani filed a motion to extend the time to file the trial transcript, and the trial court granted the motion on June 14, 2010. On June 18, 2010, plaintiff/appellee Sugarloaf Mills Limited Partnership of Georgia d/b/a Discover Mills (hereinafter Discover Mills) filed a response in opposition to the motion to extend time, arguing that it was not timely filed, and moved to dismiss Noorani's appeal on the basis that Noorani had unreasonably delayed the filing of the transcript. See OCGA §§ 5-6-41, 5-6-42 and 5-6-48 (c).

On August 10, 2010, following a hearing on August 2, 2010, the trial court entered an order vacating its order extending the time for filing the transcript, finding that the motion requesting the extension was untimely and thus the order granting the motion was "nugatory and void." The court then granted Discover Mills' motion to dismiss Noorani's appeal, finding that his delay in causing the transcript to be filed with the trial court clerk was unreasonable,

inexcusable and caused by his own inaction. On August 19, 2010, Noorani filed the current appeal from that order, which has been docketed in this Court as Case No. A11A0419.[1]

On appeal, Noorani contends, inter alia, that the trial court was without jurisdiction to dismiss his original appeal in Case No. A10A2098, which was docketed in this Court prior to the entry of the trial court's dismissal order. We agree and reverse.

Court of Appeals Rule 20 provides the starting point for our analysis. That rule provides that the appellee is deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating to the filing of the transcript or transmittal of the record "unless objection thereto was made *and ruled upon* in the trial court prior to the transmittal and such order is appealed as provided by law." (Emphasis supplied.) In *Turner v. Taylor*, 179 Ga. App. 574 (1) (a) (346 SE2d 920) (1986), we concluded that the effect of this language, which at that time was contained in Rule 47 of this Court, was to relieve the trial court of its jurisdiction to dismiss an appeal after the record had been transmitted to this Court, and held that an order entered after the case was docketed in this Court dismissing the case for failure to pay costs was a nullity.[2] Id. at 575 (a) (1). We have since applied that holding on several occasions. See, e.g., *Hadavi v. Palmer*, 260 Ga. App. 509, 512, n. 5 (580 SE2d 291) (2003) (trial court retains jurisdiction to dismiss an appeal based on untimely filing of transcript until the record is transmitted to this Court); *Lipsteuer v. CSX Transp.*, 236 Ga. App. 806, n. 1 (513 SE2d 532) (1999) (because appellee failed to move for and obtain an order of dismissal prior to the transmittal of the record to this Court, any order by the trial court dismissing the notice of appeal is a nullity); *Copeland v. Continental Kewitt*, 218 Ga. App. 305 (1) (461 SE2d 277) (1995) ("we conclude that once the case was docketed in this court, the trial court lost its jurisdiction to act on the motion [to dismiss the appeal]"). Cf. *Ovestco Corp. v. Bowen*, 216 Ga. App. 121 (453 SE2d 94) (1994) (per curiam opinion distinguishes *Turner* on the basis that "it is evident from appellants' actions . . . that they sought to avoid the trial court's ruling on the motion" but both the special concurrence and the dissent reiterate that the trial court lost jurisdiction to dismiss the appeal once the record was transmitted to this Court).

---

[1] The appeal in Case No. A10A2098 is pending in this Court. We have denied Noorani's motion to consolidate these appeals.

[2] We noted in *Turner* that the prior version of Rule 47, under which several cases cited by Discover Mills were decided, required only that objections to the filing of the transcript or the record had to be made in the trial court prior to docketing in this Court. *Turner*, 179 Ga. App. at 574-575 (1) (a).

This issue has also been addressed by our Supreme Court. In *Strese v. Strese*, 237 Ga. 334 (227 SE2d 749) (1976), that Court, relying on its Rule 11 (c) (now Rule 74), which is identical to this Court's rule, found appellee's contention that there had been an unreasonable delay in filing the transcript to be waived because the trial court did not rule on the motion to dismiss until two days after the transcript had been transmitted to that Court. Id.

Discover Mills, however, cites the more recent case of *Pioneer Security &c. v. Hyatt Corp.*, 295 Ga. App. 261 (671 SE2d 266) (2008), for authority that this Court will review on the merits an order by the trial court dismissing an appeal that had already been docketed at the time the dismissal order was entered. Although one of the issues in *Pioneer* concerned whether the trial court retained jurisdiction after the case was docketed in this Court to decide certain issues regarding the record and transcript, it does not appear that the issue of the trial court's jurisdiction to enter a dismissal order once the record was transmitted to this Court was raised or ruled upon. However, because it does appear that the original appeal in that case had been docketed in this Court before the trial court entered an order dismissing the case, we hereby disapprove *Pioneer* to the extent that it can be read to set forth a holding contrary to our prior precedent, including *Turner* and like cases.

Based on the foregoing, we agree with Noorani that the trial court's order dismissing his original appeal is a nullity and must be reversed.

*Judgment reversed. Ellington, C. J., Smith, P. J., Barnes, P. J., Miller, P. J., Phipps, P. J., Andrews, Mikell, Doyle, Blackwell, Dillard and McFadden, JJ., concur.*

DECIDED MARCH 2, 2011.

*Mary Trachian-Bradley*, for appellant.
*Arnall, Golden & Gregory, James A. Gober, Edward A. Marshall*, for appellee.