A11A1338. ROIS-MENDEZ v. STAMPS et al.
(717 SE2d 718)

BLACKWELL, Judge.
John and Kathleen Stamps sued Armando Rois-Mendez, seeking a declaratory judgment as to a disputed easement, and after the case was tried in September 2008 by a Fulton County jury, the trial court entered judgment for the Stampses. Rois-Mendez appealed from this judgment in 2009, but we remanded the case to the trial court because the record was incomplete. On remand, the trial court determined that Rois-Mendez had unreasonably and inexcusably failed to cause a complete transcript of the trial proceedings to be filed, even after learning of substantial omissions from the record, and pursuant to its authority under OCGA § 5-6-48, the trial court ordered that the appeal be dismissed. Rois-Mendez now appeals from the order dismissing his earlier appeal, and we affirm.

Rois-Mendez initiated his first appeal on May 26, 2009 by filing a timely notice of appeal, and he filed an amended notice of appeal on June 12, 2009. In these notices of appeal, Rois-Mendez designated the whole record, including trial transcripts and exhibits but excluding the transcript of voir dire proceedings, as the record on appeal. After a transcript of the trial was filed below, the record was transmitted to our Court, and we docketed the first appeal on July 22, 2009. The Stampses soon learned, however, that all of the trial exhibits had been omitted from the record, and they moved our Court to remand the case for the completion of the record. We granted their motion and remanded the case to the trial court on September 2, 2009.

On remand, the Stampses filed a motion to dismiss the appeal, alleging that Rois-Mendez had instructed the court reporter to copy none of the trial exhibits because he did not want to pay the associated costs. The trial court set the motion for hearing on November 12, 2009, and the hearing apparently occurred, although no transcript of it appears in the record. It also appears that Rois-Mendez did not cause the omitted trial exhibits to be filed until after the November 12, 2009 hearing, more than a year after the trial of this case, more than five months after Rois-Mendez initiated his first appeal, and more than two months after our Court remanded the case because the record was incomplete. In any event, on November 18, 2010, the trial court entered an order granting the motion and dismissing the appeal. In its order, the trial court found that when Rois-Mendez became aware of the omission of the trial exhibits from the record, "he took no steps to correct the record," and instead "he chose to do nothing." Rois-Mendez now appeals from the dismissal of his first appeal.

A trial court properly may dismiss an appeal for unreasonable delay in the filing of a transcript or a delay in the transmission of the record to the appellate court that is attributable to the inexcusable failure of the appellant to cause a transcript to be filed:

> No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; *but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. . . .*

OCGA § 5-6-48 (c) (emphasis supplied). Whether to dismiss an appeal

for unreasonable delay in the preparation or transmission of the record is committed to the sound discretion of the trial court, and we will reverse a decision to dismiss an appeal under OCGA § 5-6-48 (c) only upon a showing that the trial court abused its discretion. *Propst v. Morgan*, 288 Ga. 862, 863-864 (708 SE2d 291) (2011). We see no abuse of discretion here.

In appeals from civil proceedings in which the transcript of the evidence and proceedings is drawn into question, "it shall be the duty of the appellant to have the transcript prepared at the appellant's expense," OCGA § 5-6-41 (c), and unless the appellant designates a particular transcript to be omitted from the record, "the appellant shall cause the transcript to be prepared and filed" within 30 days of filing the notice of appeal. OCGA § 5-6-42. Rois-Mendez failed to ensure that a complete record was prepared and sent to this Court in his first appeal. Even by his own account, he became aware of the omission of the trial exhibits on August 4, 2009, but he apparently did not cause the trial exhibits to be filed until sometime after November 12, 2009. In the meantime, the Stampses moved this Court to remand the case, we remanded it, the Stampses moved to dismiss the appeal, the trial court set the motion for a hearing, and the trial court conducted a hearing, but Rois-Mendez, as the trial court put it, "chose to do nothing."

Rois-Mendez now contends that the omission of the trial exhibits from the record on the first appeal and the delay in correcting the omission following remand were not his fault, but instead were the fault of the clerk of the trial court.[1] But the trial court evidently rejected this contention, and Rois-Mendez has failed to include a transcript of the November 12, 2009 hearing in the record on his second appeal. Consequently, we must accept the factual findings of the trial court, see *Scott Brothers, Inc. v. Warren*, 261 Ga. App. 285, 286 (1) (582 SE2d 224) (2003), and in light of these factual findings, the dismissal of the appeal was no abuse of discretion. See *Atlanta Orthopedic Surgeons v. Adams*, 254 Ga. App. 532, 535-536 (562 SE2d 818) (2002) (reversing denial of motion to dismiss appeal where appellant failed to ensure completion of record even after notice of omissions and remand by this Court for purpose of completing record); see also *In the Interest of T. H.*, 311 Ga. App. 641 (716 SE2d 724) (2011); *Coptic Constr. Co. v. Rolle*, 279 Ga. App. 454, 456 (631 SE2d 475) (2006). Because the trial court did not abuse its discretion

---

[1] Rois-Mendez does not contend that the court below lacked jurisdiction to dismiss his appeal. Our remand of the first appeal returned jurisdiction of this case to the trial court, and we think our remand permitted the court to exercise its authority under OCGA § 5-6-48 to dismiss the appeal. Compare *Noorani v. Sugarloaf Mills &c. of Ga.*, 308 Ga. App. 168 (706 SE2d 750) (2011).

when it dismissed the first appeal, we will not address the merits of the issues raised in the first appeal. See *Propst*, 288 Ga. at 863-864.
*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED OCTOBER 18, 2011.

*Armando F. Rois-Mendez*, pro se.
*Greer, Stansfield & Turner, Robert H. Stansfield, Frank B. Turner, Jr.*, for appellees.