# Court of Appeals
# of the State of Georgia

ATLANTA,  October 09, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1226. MARSHALL v. OCWEN LOAN SERVICING LLC et al.**

This case is before us on the appellees' motion to dismiss, which, for the following reasons, is hereby granted.

The record shows that on October 9, 2013, the trial court dismissed the appellant's complaint for failure to state a claim. On October 30, 2013, the appellant filed a notice of appeal. On January 6, 2014, the trial court dismissed the appeal under OCGA § 5-6-48 (c), due to the appellant's failure to pay court costs. See *Kelly v. Dawson*, 282 Ga. 189 (646 SE2d 53) (2007) (delay in excess of 30 days prima facie unreasonable). The appellant then filed this appeal, challenging the merits of the order dismissing the complaint for failure to state a claim, but raising no challenge to the dismissal of the appeal.

When a trial court properly dismisses an appeal under OCGA § 5-6-48 (c), appellate courts will not address the merits of the case. *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011). Such a dismissal of an appeal may be reversed only upon a showing of an abuse of discretion. *Rois-Mendez v. Stamps*, 312 Ga. App. 136, 138 (717 SE2d 718) (2011). Here, the appellant has made no attempt to show an abuse of discretion, neither responding to the motion to dismiss nor alleging any error in the dismissal of the appeal. Because the appellant has not shown an abuse of discretion, we must presume that the trial court correctly dismissed the appeal. See *Kirkendall v. Decker*, 271 Ga. 189, 191 (516 SE2d 73) (1999) (absent contrary showing, there is a presumption in favor of the regularity of court proceedings). Accordingly, there is nothing for us to review and the appeal is hereby dismissed.



*Court of Appeals of the State of Georgia*

 *Clerk's Office, Atlanta,* __10/09/2014__

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

     *Stephen E. Castlen*    *, Clerk.*