# Court of Appeals
# of the State of Georgia

ATLANTA,  December 01, 2023

*The Court of Appeals hereby passes the following order:*

## A24A0340.  RAYNIER MARQUEZ v. RAFAEL E. AGUIRRE.

On May 31, 2023, (Appellant) Raynier Marquez[1] filed a notice of appeal from the trial court's "Amended Final Order Granting Legitimation and Determination of Custody" entered on March 30, 2023. Thereafter, on August 31, 2023, (Appellee) Rafael E. Aguirre filed in the trial court a motion to dismiss the appeal on grounds that (Appellant) Marquez had failed to cause the transcript to be filed within the 30-day deadline set forth in OCGA § 5-6-42[2] and had also failed to seek a time extension.[3] While that motion was pending before the trial court, this case was transmitted to this Court and docketed as the above-referenced case number.

Appellee thereafter pursued in this Court a Motion to Remand this case, then an Amended Motion to Remand this case, for purposes of allowing the trial court to

---

[1] Marquez's first name appears in the record also as "Reynier."

[2] See OCGA § 5-6-42 (providing that "[t]he party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal . . . , unless the time is extended").

[3] See OCGA § 5-6-48 (c) (providing for dismissal of an appeal for failure to file transcript timely); *Park Regency Partners v. Gruber*, 271 Ga. App. 66, 70 (1) (608 SE2d 667) (2004) ("A trial court's decision to grant or deny a motion to dismiss an appeal under OCGA § 5-6-48 (c) is reviewed under an abuse of discretion standard.").

1

exercise its discretion in ruling on the pending motion to dismiss. In his Response to the foregoing, Appellant states:

> In the interest of an economically efficient resolution to the issue raised by Appellee in his Motion to Remand and Amended Motion to Remand and in an effort to dispel any uncertainty that may exist with respect to the completeness and sufficiency of the record that is before this Court, Appellant will not oppose remand of the case to the trial court for a ruling on the Appellee's trial court Motion to Dismiss Appeal.

As this Court recently expounded in *Hunter v. Will*, 352 Ga. App. 479 (833 SE2d 128) (2019):

> [A] trial court loses the ability to rule on a motion to dismiss once the record has been transmitted to the appellate court. *Noorani v. Sugarloaf Mills Ltd. Partnership*, 308 Ga. App. 168, 169-170 (706 SE2d 750) (2011). And decades ago, this Court clarified that this principle . . . applies whether the record is transmitted "erroneously or not." *Turner v. Taylor*, 179 Ga. App. 574, 575 (1) (a) (346 SE2d 920) (1986). . . . Normally, trial courts regain the authority to rule on a motion to dismiss an appeal through either a remand of an appeal or an explicit order from the appellate court. See, e.g., *Rois-Mendez v. Stamps*, 312 Ga. App. 136, 138 n.1 (717 SE2d 718) (2011) (explaining that we remanded the first appeal to the trial court, allowing the court to exercise its authority to dismiss the appeal); *Winzer v. EHCA Dunwoody*, 277 Ga. App. 710, 711 (627 SE2d 426) (2006) ("[T]his court returned the record to the trial court, informing the lower court . . . that we could not accept the appeal. . . ."); *Miller v. Ingles Mkt.*, 214 Ga. App. 817, 817-818 (449 SE2d 166) (1994) (remanding the case for a ruling on the motion to dismiss); *Price v. Ortiz*, 152 Ga. App. 651, 652 (263 SE2d 527) (1979) (explaining that

we previously "returned the case to the trial court" via an order).

(Citations omitted.)  *Hunter*, 352 Ga. App. at 482 (1).

In light of the above circumstances, Appellee's Motion to Remand (as amended) is GRANTED.  Thus, Appellee's Request for Oral Argument is DISMISSED AS MOOT; and Appellee's Motion to Expedite is DISMISSED AS MOOT.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  12/01/2023*
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

3