**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 26, 2026**

# In the Court of Appeals of Georgia

A26A0046. SULLIVAN v. THE STATE.

BARNES, Presiding Judge.

Proceeding pro se, Mario Sullivan appeals from the trial court's order denying his motion for an out-of-time appeal from the judgment of conviction entered on his guilty plea. For the reasons discussed below, we vacate the trial court's order and remand for further proceedings consistent with this opinion.[1]

In 2015, Sullivan pled guilty to burglary, armed robbery, impersonating an officer, false imprisonment, and two counts of aggravated assault. He subsequently

---

[1] Sullivan's "Motion for Out-of-Time Post Conviction Relief," "Notice of Uncontested Brief and Motion for Relief," "Motion to Strike Untimely Appellee Brief," "Motion to Remand for Completion of the Record," "Motion to Correct Clerical Errors in the Record," and "Motion to Require Correction of Record" are denied.

filed a petition for habeas corpus relief that was denied in 2019.[2] Sullivan thereafter filed a motion for an out-of-time appeal, which the trial court denied in July 2021. We later dismissed Sullivan's direct appeal from the trial court's July 2021 order as untimely.

In June 2025, Sullivan filed a new motion for an out-of-time appeal. Five days later and before the State responded, the trial court denied Sullivan's motion pursuant to *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), which abolished the judicially created procedure for criminal defendants to obtain an out-of-time appeal in the trial court. This direct appeal followed.

1. The State contends that we lack jurisdiction over this appeal, but we disagree in light of recent changes in the law. While *Cook* eliminated the procedure for obtaining an out-of-time appeal, the General Assembly revived the procedure by statute, effective May 14, 2025, before Sullivan filed the motion at issue here. See OCGA § 5-6-39.1;[3] Ga. L. 2025, p. 621, § 1-3. Neither OCGA § 5-6-39.1 nor the

---

[2] Sullivan's petition for a writ of habeas corpus and the order entered by the habeas court are not included in the appellate record.

[3] OCGA § 5-6-39.1 provides:
(a)(1) Notwithstanding the availability of habeas corpus relief under Article 2 of Chapter 14 of Title 9; the time limitations set forth in

discretionary appeal statute, OCGA § 5-6-35, requires a defendant to file an

application for discretionary appeal to obtain review of the denial of a motion for an

out-of-time appeal under the current statutory scheme. Moreover, prior to *Cook*, our

---

Code Section 5-5-40; or the time limitations related to a notice of appeal as set forth in this article, a defendant may move for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice:
       (A) With the consent of the state;
       (B) By showing excusable neglect;
       (C) By showing that the failure to timely file such motion for new trial or notice of appeal was attributable to the deficient performance of such defendant's counsel; or
       (D) For other good cause shown.
    (2) The trial court judge shall have jurisdiction to consider such motion for leave to file an out-of-time motion for new trial or notice of appeal. If the judge grants such motion, the defendant shall have 30 days to file an out-of-time motion for new trial or notice of appeal and the judge shall have the discretion to allow an extension of time for filing such motion or notice as set forth in Code Section 5-6-39.
    (3) An indigent defendant shall have the right to the assistance of counsel to seek any relief offered under this Code section.
    (b) In a criminal case, after a judgment of conviction, a defendant whose motion seeking an out-of-time motion for new trial or notice of appeal or whose granted out-of-time motion for new trial or notice of appeal was dismissed based upon the Supreme Court's decision in *Cook v. State*, 313 Ga. 471 (2022), and its progeny, shall have the right to move for leave to file an out-of-time motion for new trial or notice of appeal until June 30, 2026, pursuant to subsection (a) of this Code section. Any filing made pursuant to this subsection shall not be subject to the 100-day time limitation in subsection (a) of this Code section.

Supreme Court held that "[t]he denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not undergone appellate review." *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002). Accordingly, we conclude that Sullivan was entitled to directly appeal the trial court's order denying his motion for an out-of-time appeal.

2. The State also argues that Sullivan's appeal should be dismissed because the State was not served with his notice of appeal or appellant's brief. However, failure to perfect service of the notice and brief is not a statutorily recognized ground for dismissal. See OCGA § 5-6-48(a) ("Failure of any party to perfect service of any notice or other paper hereunder shall not work dismissal; but the trial and appellate courts shall at any stage of the proceeding require that parties be served in such manner as will permit a just and expeditious determination of the appeal and shall, when necessary, grant such continuance as may be required under the circumstances."). Moreover, the State was granted an extension of time to file its brief once the defect in service came to light and was afforded a full opportunity to review and respond to Sullivan's brief. We therefore discern no basis for dismissal. See *Miller v. Ingles Mkt.*, 214 Ga. App. 817, 818 (449 SE2d 166) (1994) (noting that "failure to

4

notify appellee of the filing of a notice of appeal is not grounds for dismissal of [the] appeal, OCGA § 5-6-48(a)"); *Petroleum Carrier Corp. of Fla. v. Jones*, 127 Ga. App. 676, 678 (1) (a) (194 SE2d 670) (1972) (denying motion to dismiss appeal where, among other things, the party who was not properly served nevertheless fully briefed the merits of the appeal and thus did not suffer any harm).

3. We agree with Sullivan that the trial court erred in relying on *Cook* rather than analyzing his new motion for an out-of-time appeal under OCGA § 5-6-39.1. As noted above, the effective date of OCGA § 5-6-39.1 was May 14, 2025, prior to Sullivan filing his motion, and thus that statute should have guided the trial court's analysis. See Ga. L. 2025, p. 621, § 1-3. Accordingly, we vacate the trial court's order and remand the case to the trial court for reconsideration of Sullivan's motion in light of the framework laid out in OCGA § 5-6-39.1. See *Jones v. State,* ___ Ga. ___, ___ (921 SE2d 708) (2025). We express no opinion as to whether Sullivan has satisfied the criteria for relief under OCGA § 5-6-39.1 and instead leave that question for the trial

court to resolve in the first instance.[4]

*Judgment vacated and case remanded with direction. Brown, C. J., and Watkins, J., concur.*

---

[4] While the State argues on appeal that Sullivan's motion fails to satisfy the requirements of OCGA § 5-6-39.1 and is barred for additional reasons, we decline to address those arguments because they were not raised in the trial court. See *Shumate v. State*, 372 Ga. App. 807, 819(2) (906 SE2d 885) (2024) ("It is well established that we cannot affirm as 'right for any reason' on the basis of a reason that was not raised below.").